**Elisa J. Dozono**, OSB No. 063150
elisa.dozono@millernash.com
**Taylor D. Richman**, OSB No. 154086
taylor.richman@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204
Telephone:  503.224.5858
Facsimile:  503.224.0155

      Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| DANIEL Z. CROWE; LAWRENCE K. PETERSON; and OREGON CIVIL LIBERTIES ATTORNEYS, an Oregon Nonprofit Corporation, | Case No. 3:18-cv-02139-JR |
|          Plaintiffs, | **DEFENDANTS' MOTION TO DISMISS** (Under Fed R Civ P 12(b)(1) and 12(b)(6)) |
|    v. | **<u>ORAL ARGUMENT REQUESTED</u>** |
| OREGON STATE BAR, a Public Corporation; OREGON STATE BAR BOARD OF GOVERNORS; VANESSA NORDYKE, President of the Oregon State Bar Board of Governors; CHRISTINE CONSTANTINO, President-elect of the Oregon State Bar Board of Governors; HELEN HIERSCHBIEL, Chief Executive Officer of the Oregon State Bar; KEITH PALEVSKY, Director of Finance and Operations of the Oregon State Bar; AMBER HOLLISTER, General Counsel for the Oregon State Bar, | |
|          Defendants. | |

Defendants' Motion to Dismiss

4829-8874-7653.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...............................................................................................1

II.   BACKGROUND ................................................................................................2

III.  LEGAL STANDARDS .......................................................................................5

    A.    Standards for Dismissal Under Rule 12(b)(1). ......................................5

    B.    Standards for Dismissal Under Rule 12(b)(6). ......................................6

IV.   ARGUMENT .....................................................................................................7

    A.    The Bar Is Entitled to Immunity From Suit Under the Eleventh
          Amendment Because It Is an Arm of the State of Oregon. ....................7

          1.    The arms of state government are immune from suit under the
                  Eleventh Amendment. .................................................................7

          2.    Oregon law expressly provides that the Bar is an arm of the state. ...........8

          3.    The Bar is an arm of the state by application of the Mitchell
                  factors. .........................................................................................9

                  a.    The Bar performs a central government function. ..........................9

                  b.    The effect of a money judgment. .................................................10

                  c.    The ability to sue and be sued. ....................................................10

                  d.    The power to take and own property. ...........................................11

                  e.    Corporate status. ........................................................................11

    B.    Plaintiffs Fail to Plausibly State a Claim Against Any Defendant Because
          U.S. Supreme Court Precedent Establishes That Integrated Bars Are
          Constitutional and May Use Mandatory Membership Fees for Political
          Speech Germane to Regulating Attorneys and Improving Legal Services .........12

          1.    The Constitution permits compulsory membership in a state bar
                  and the assessment of mandatory membership fees. ...............................12

          2.    An integrated bar may engage in political speech germane
                  to improving the quality of legal services and affords adequate
                  First Amendment safeguards by allowing members a reasonable
                  opportunity to reclaim fees used to fund allegedly nongermane
                  speech. .......................................................................................14

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

# TABLE OF CONTENTS

## (continued)

Page

3. The Constitution does not require an integrated bar to receive "affirmative consent" before engaging in speech activities......................18

    a. Plaintiffs receive all First Amendment protections required by the Constitution. ....................................................................18

    b. The April 2018 Statement was germane to promoting access to justice and improving the quality of legal services. ......................................................................................19

C. The Individual Defendants Are Entitled to Qualified Immunity From All Claims for Damages. ................................................................................21

D. The "Oregon State Bar Board of Governors" Is Not a Legal Entity Capable of Being Sued and Should Therefore Be Dismissed. .........................................23

**V.    CONCLUSION** ....................................................................................**24**

4829-8874-7653.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Abood v. Detroit Bd. of Educ.*,
   431 US 209, 97 S Ct 1782, 52 L Ed 2d 261 (1977) ................................................. 13, 14, 22

*Ashcroft v. al-Kidd*,
   563 US 731, 131 S Ct 2074, 179 L Ed 2d 1149 (2011) ................................................ 21, 22

*Ashcroft v. Iqbal*,
   556 US 662, 129 S Ct 1937, 173 L Ed 2d 868 (2009) ....................................................... 6, 21

*Belanger v. Madera Unified Sch. Dist.*,
   963 F2d 248 (9th Cir 1992) .......................................................................................... 10, 11

*Bell Atl. Corp. v. Twombly*,
   550 US 544, 127 S Ct 1955, 167 L Ed 2d 929 (2007) ...................................................... 6, 21

*Coultas v. Payne*,
   No. 3:12-cv-1132-AC, 2012 WL 6725845 (D Or Nov. 27, 2012) ........................................... 8

*Erwin v. Oregon ex rel. Kitzhaber*,
   231 F Supp 2d 1003 (D Or 2001), *aff'd,* 43 F App'x 122 (9th Cir 2002) ................................ 8

*Eugster v. Wash. State Bar Ass'n*,
   No. C15-0375JLR, 2015 WL 5175722 (WD Wash Sept. 3, 2015), *aff'd,* 684 F
   App'x 618 (9th Cir 2017) ............................................................................................... 9, 12

*Fed. Mar. Comm'n v. S.C. State Ports Auth.*,
   535 US 743, 122 S Ct 1864, 152 L Ed 2d 962 (2002) .......................................................... 8

*State ex rel. Frohnmayer v. Oregon State Bar*,
   307 Or 304, 767 P2d 893 (1989) ....................................................................................... 11

*Gardner v. State Bar of Nev.*,
   284 F3d 1040 (9th Cir 2002) ................................................................................ 19, 20, 22

*Gibson v. Fla. Bar [Gibson I]*,
   798 F2d 1564 (11th Cir 1986) ........................................................................................... 17

*Gibson v. Fla. Bar [Gibson II]*,
   906 F2d 624 (11th Cir 1990) ............................................................................................. 17

4829-8874-7653.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

# TABLE OF AUTHORITIES

## (continued)

**Page**

*Ginter v. State Bar of Nev.*,
   625 F2d 829 (9th Cir 1980) (per curiam) ..............................................9

*In re Glover*,
   156 Or 558, 68 P2d 766 (1937) ............................................................2

*Harris v. Quinn*,
   ___ US ____, 134 S Ct 2618, 189 L Ed 2d 620 (2014) .............................13, 14, 22

*Hartfield v. Or. State Bar*,
   No. 3:16-cv-00068-ST, 2016 WL 9225978 (D Or Jan. 15, 2016) ...........................8

*Hirsh v. Justices of Supreme Court of Cal.*,
   67 F3d 708 (9th Cir 1995) .................................................................9, 12

*Hunter v. Bryant*,
   502 US 224, 112 S Ct 534, 116 L Ed 2d 589 (1991) ...............................22

*Janus v. Am. Fed'n of State, Cty., & Mun. Emps., Council 31*,
   ___ US ___, 138 S Ct 2448, 201 L Ed 2d 924 (2018) ....................................18, 22

*Keller v. State Bar of Cal.*,
   496 US 1, 110 S Ct 2228, 110 L Ed 2d 1 (1990) ...............................*passim*

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
   511 US 375, 114 S Ct 1673, 128 L Ed 2d 391 (1994) ...............................6

*Lathrop v. Donohue*,
   367 US 820, 81 S Ct 1826, 6 L Ed 2d 1191 (1961) ........................................13, 22

*Leite v. Crane Co.*,
   749 F3d 1117 (9th Cir 2014) .................................................................5

*Mitchell v. Los Angeles Cmty. Coll. Dist.*,
   861 F2d 198 (9th Cir 1988) .................................................................*passim*

*Morrow v. State Bar of Cal.*,
   188 F3d 1174 (9th Cir 1999) ................................................................15, 17, 18

4829-8874-7653.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

# TABLE OF AUTHORITIES

## (continued)

**Page**

*O'Connor v. State of Nev.*,
   686 F2d 749 (9th Cir 1982) (Nevada) ...................................................12

*Ohralik v. Ohio State Bar Ass'n.*,
   436 US 447, 98 S Ct 1912, 56 L Ed 2d 444 (1978) ...............................1

*Pennhurst State Sch. & Hosp. v. Halderman*,
   465 US 89, 104 S Ct 900, 79 L Ed 2d 67 (1984) ....................................7

*Plumhoff v. Rickard*,
   572 US 765, 134 S Ct 2012, 188 L Ed 2d 1056 (2014) ...................21, 22

*Estate of Pond v. Oregon*,
   322 F Supp 2d 1161 (D Or 2004) .........................................................10

*Ramstead v. Morgan*,
   219 Or 383, 347 P2d 594 (1959) ........................................................9, 20

*Rounds v. Or. State Bd. of Higher Educ.*,
   166 F3d 1032 (9th Cir 1999) ..................................................................9

*Sadler v. Oregon State Bar*,
   275 Or 279, 550 P2d 1218 (1976) ...........................................................9

*Sato v. Orange Cty. Dep't of Educ.*,
   861 F3d 923 (9th Cir), *cert denied*, 138 S Ct 459 (2017) .......................6

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 US 308, 127 S Ct 2499, 168 L Ed 2d 179 (2007) ............................7

*Thiel v. State Bar of Wis.*,
   94 F3d 399 (7th Cir 1996), *overruled on other grounds by Kingstad v. State Bar of Wis.*, 622 F3d 708 (7th Cir 2010) .................................................10

*Weidner v. Albertazzi*,
   No. 06-930-HO, 2006 WL 2987704 (D Or Oct. 13, 2006) .......................8

*White v. Lee*,
   227 F3d 1214 (9th Cir 2000) ...................................................................5

4829-8874-7653.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

# TABLE OF AUTHORITIES

## (continued)

Page

**Statutes**

42 USC § 1983 .................................................................................................................. 12

ORS 9.005(7) .................................................................................................................... 10

ORS 9.010 ............................................................................................................ 3, 8, 10, 11

ORS 9.025 ........................................................................................................................ 23

ORS 9.042 ........................................................................................................................ 10

ORS 9.080 ...................................................................................................................... 3, 9

ORS 9.114 ...................................................................................................................... 3, 9

ORS 9.160 .......................................................................................................................... 3

ORS 9.191 .......................................................................................................................... 3

ORS 9.200 .......................................................................................................................... 3

ORS 9.210 .................................................................................................................. 3, 9, 10

ORS 9.490 ...................................................................................................................... 3, 9

ORS 9.532 .......................................................................................................................... 9

ORS 9.536 .......................................................................................................................... 9

ORS 9.542 ........................................................................................................................ 10

ORS 9.572(1) .................................................................................................................... 11

ORS 9.577 ........................................................................................................................ 11

ORS 98.304 ...................................................................................................................... 11

ORS 98.386(2) .................................................................................................................. 11

4829-8874-7653.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON, 97204

## LR 7-1 CERTIFICATE

Counsel for defendants, Oregon State Bar (the "Bar"), Oregon State Bar Board of Governors (the "BOG"), and Vanessa Nordyke, Christine Costantino,[1] Helen Hierschbiel, Keith Palevsky, and Amber Hollister (the "Individual Defendants"), conferred with counsel for plaintiffs about the dispute, but the parties have been unable to resolve it.

## LR 7-2 CERTIFICATE

This memorandum complies with the applicable page limitation in LR 7-2(b) because it does not exceed 35 pages, including headings, footnotes, and quotations, and excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

## MOTION

In accordance with Fed R Civ P 12(b)(1) and 12(b)(6), defendants move to dismiss the complaint because the district court does not have subject-matter jurisdiction over plaintiffs' claims against the Bar, and because the complaint fails to state a claim on which relief can be granted against any defendant.

## MEMORANDUM IN SUPPORT

## I.    INTRODUCTION

The Bar regulates the practice of law in Oregon, helping ensure that lawyers meet the high ethical standards essential to their role "'as assistants to the court in search of a just solution to disputes.'" *Ohralik v. Ohio State Bar Ass'n.*, 436 US 447, 460, 98 S Ct 1912, 56 L Ed 2d 444 (1978) (quoting *Cohen v. Hurley*, 366 US 117, 124, 81 S Ct 954, 6 L Ed 2d 156

---

[1] Ms. Costantino's name is misspelled in the caption.  The correct spelling of her surname is "Costantino."

4829-8874-7653.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

(1961)).  Plaintiffs, two members of the Bar and a nonprofit corporation composed of Oregon attorneys, claim that defendants are violating their constitutional rights by requiring them to be members of the Bar, using their membership fees for political speech with which plaintiffs disagree, and not implementing additional safeguards to prevent the Bar from engaging in impermissible political speech.

But the complaint does not plausibly state a claim for relief.  The Bar is immune from suit under the Eleventh Amendment because it is an arm of the State of Oregon, and therefore cannot be sued in federal court.  And plaintiffs' claims against the Individual Defendants fail as a matter of law for two main reasons:  (1) long-standing U.S. Supreme Court precedent permits both compulsory bar membership and the use of mandatory membership fees for political and ideological activities germane to the regulation of attorneys and improvement of legal services and (2) Ninth Circuit precedent confirms the constitutional sufficiency of the Bar's procedures for refunding membership fees if a member objects that the Bar engaged in nongermane activity.  Plaintiffs cannot cure the defects of their complaint.  Accordingly, this court should dismiss the complaint, with prejudice, for lack of subject-matter jurisdiction and failure to state a claim.

## II.   BACKGROUND

The Oregon legislature created the Bar in 1935 as part of the State Bar Act. *See* ORS 9.005-9.757; *In re Glover*, 156 Or 558, 562, 68 P2d 766 (1937).  This act makes the Bar "an instrumentality of the Judicial Department of the government of the State of Oregon."

4829-8874-7653.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON, 97204

ORS 9.010(2).  Every lawyer in Oregon must join the Bar and pay an annual membership fee.[2]
ORS 9.160; ORS 9.191; ORS 9.200.

      The Bar's mission "is to serve justice by promoting respect for the rule of law, by improving the quality of legal services, and by increasing access to justice."[3]  The Bar, through the BOG, is also responsible for advancing "the science of jurisprudence and the improvement of the administration of justice" in Oregon.  ORS 9.080(1).  The Bar carries out these duties in a number of ways.  It recommends rules for adoption by the Oregon Supreme Court regarding standards for admission to the practice of law and rules of professional conduct.  *See* ORS 9.080; ORS 9.114; ORS 9.210; ORS 9.490.  Subject to the Oregon Supreme Court's oversight, the Bar administers the attorney disciplinary system.  *See* Or State Bar RP ("BR") 2.3.  And the Bar administers programs designed to improve the quality of legal services provided by Oregon lawyers and increase access to justice for underserved Oregonians.[4]

      The Bar also publishes the monthly *Oregon State Bar Bulletin* (the "*Bulletin*").[5]  The Bar's Bylaws provide that its statements in the *Bulletin* "should be germane to the law, lawyers, the practice of law, the courts and the judicial system, legal education and the Bar in its

---

[2] An association of attorneys in which membership and dues are required as a condition of practicing law is commonly referred to as an "integrated bar."  *See Keller v. State Bar of Cal.*, 496 US 1, 5, 110 S Ct 2228, 110 L Ed 2d 1 (1990).  The Oregon State Bar is an integrated bar.

[3] Oregon State Bar, Mission Statement, https://www.osbar.org/_docs/resources/OSBMissionStatement.pdf (last visited Jan. 3, 2019).

[4] Consistent with this mission, the Bar's programs provide the public with general legal information about common legal topics and seek to increase pro bono legal services available to impoverished Oregonians, military families, and survivors of domestic violence. *See, e.g.*, Oregon State Bar, Volunteer Opportunities, https://www.osbar.org/probono/VolunteerOpportunities.html (last visited Jan. 3, 2019); Oregon State Bar, Legal Services Program, https://www.osbar.org/lsp (last visited Jan. 3, 2019).

[5] *See* Oregon State Bar, OSB Bulletin Archives, https://www.osbar.org/publications/bulletin/archive.html (last visited Jan. 3, 2019), for examples of the *Bulletin*.

Page 3 -    Defendants' Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

role as a mandatory membership organization."  Bylaws § 11.1.  The Bar's statements should

also "advance public understanding of the law, legal ethics and the professionalism and

collegiality of the bench and Bar."  *Id.*

       In the April 2018 edition of the *Bulletin*, the Bar published a "Statement on White

Nationalism and Normalization of Violence" (the "Bar's April 2018 Statement").  (Compl. ¶¶ 6,

42.)  In this statement, the Bar reassured its members that, in the wake of recent national and

local violence (including the killings in Charlottesville, Virginia, and on Portland's MAX train),

it "remain[ed] steadfastly committed to the vision of a justice system that operates without

discrimination and is fully accessible to all Oregonians."  (Compl., Ex. A.)  The Bar

"unequivocally condemn[ed] these acts of violence" and "the proliferation of speech that incites

such violence," which threatened "access to justice, the rule of law, and a healthy and functional

judicial system that equitably serves everyone."  (*Id.*)  The Bar reminded its members that

lawyers are "stewards of the justice system[ ] [and] it is up to us to safeguard the rule of law and

to ensure its fair and equitable administration."  (*Id.*)  The Bar's April 2018 Statement ended with

a pledge:  "[W]e not only refuse to become accustomed to this climate, we are intent on standing

in support and solidarity with those historically marginalized, underrepresented and vulnerable

communities who feel voiceless within the Oregon legal system."  (*Id.*)

       A statement by seven affinity bars appeared on the adjacent page of the *Bulletin*.

The statement was titled a "Joint Statement of the Oregon Specialty Bar Associations Supporting

the Oregon State Bar's Statement on White Nationalism and Normalization of Violence" (the

"Specialty Bar Statement").  (Compl., Ex. A.)  The Specialty Bar Statement similarly

"condemn[ed] the violence that has occurred as a result of white nationalism and white

Page 4 -    Defendants' Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

supremacy" and "applaud[ed] the Oregon State Bar's commitment to equity and justice." (*Id.*) (Compl. ¶ 6, Ex. A.)

Mr. Crowe and Mr. Peterson disagreed with these statements. (Compl. ¶ 47.) They invoked the Bar's "Objections to Use of Dues" Bylaws to formally object to their publication. (Compl. ¶¶ 49-50.) Through this process, both received a refund for the full amount of their membership fees used to publish the April 2018 *Bulletin*, plus statutory interest from the date these fees were due. (Compl. ¶ 51.) Other members who objected to the statements in the April 2018 *Bulletin* also received a refund. (Compl. ¶ 52.)

Despite receiving their refund, plaintiffs filed this action. Plaintiffs now seek (1) to enjoin defendants from requiring Oregon attorneys to join the Bar and pay membership fees (Compl. at Request ¶ D), (2) a declaration that defendants failed to implement adequate safeguards to prevent the Bar from engaging in impermissible political speech (Compl. at Request ¶¶ A, B), and (3) an award of all Bar membership fees they have paid within the statute-of-limitations period (Compl. at Request ¶ E). Plaintiffs are not entitled to any relief.

## III.  LEGAL STANDARDS

### A.  Standards for Dismissal Under Rule 12(b)(1).

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for lack of subject-matter jurisdiction. "Rule 12(b)(1) jurisdictional attacks can be either facial or factual." *White v. Lee*, 227 F3d 1214, 1242 (9th Cir 2000). A facial attack challenges the allegations of the complaint as "'insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F3d 1117, 1121 (9th Cir 2014) (quoting *Safe Air for Everyone v. Meyer*, 373 F3d 1035, 1039 (9th Cir 2004)). The burden of establishing jurisdiction "rests upon the

Page 5 -    Defendants' Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

party asserting jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 US 375, 377, 114 S Ct 1673, 128 L Ed 2d 391 (1994).

Sovereign immunity is a "quasi-jurisdictional" defense and may be raised in a motion brought under either Rule 12(b)(1) or 12(b)(6).  *Sato v. Orange Cty. Dep't of Educ.*, 861 F3d 923, 927 n.2 (9th Cir), *cert denied*, 138 S Ct 459 (2017).  Here, the Bar challenges the court's subject-matter jurisdiction on facial grounds and moves to dismiss all claims asserted against it because it is entitled to sovereign immunity.

**B.** **Standards for Dismissal Under Rule 12(b)(6).**

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint "must contain * * * a short and plain statement of the claim showing that the pleader is entitled to relief."  That rule "requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 US 544, 555 n.3, 127 S Ct 1955, 167 L Ed 2d 929 (2007).  To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 US 662, 678, 129 S Ct 1937, 173 L Ed 2d 868 (2009) (internal quotation marks and citation omitted).  The court may dismiss claims that fail to state a claim on which relief may be granted under Fed R Civ P 12(b)(6).

Here, all defendants move to dismiss the complaint on the basis that plaintiffs have failed to state any claim that is plausible on its face.  The Individual Defendants move to dismiss all claims for damages asserted against them for the additional reason that they are entitled to qualified immunity.  And the BOG moves to dismiss all claims against it for the additional reason that it is not a legal entity capable of being sued.

4829-8874-7653.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

## IV.    ARGUMENT

The court should dismiss plaintiffs' claims for two reasons.  First, the court lacks jurisdiction over plaintiffs' claims against the Bar because it is immune from suit under the Eleventh Amendment.  Second, plaintiffs fail to plausibly state a claim that any of the defendants violated their constitutional rights.  The face of the complaint and judicially noticeable facts[6] establish that the Bar complies with the constitutional requirements set forth in *Keller*, 496 US 1, and other binding authority.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 US 308, 322, 127 S Ct 2499, 168 L Ed 2d 179 (2007) (on a motion to dismiss, courts may consider documents referenced in the complaint and matters of which a court may take judicial notice).

### A.    The Bar Is Entitled to Immunity From Suit Under the Eleventh Amendment Because It Is an Arm of the State of Oregon.

1.    <u>The arms of state government are immune from suit under the Eleventh Amendment</u>.

The Eleventh Amendment to the United States Constitution bars citizens from bringing suit in federal court against a state, "an arm of the state," or public officers acting in their official capacity.  *Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F2d 198, 201 (9th Cir 1988); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 US 89, 100, 104 S Ct 900, 79 L Ed 2d 67 (1984).  Whether the Bar is an arm of the state for purposes of the Eleventh Amendment turns on the application of state law to the five factors articulated in *Mitchell*:

> "[1] whether a money judgment would be satisfied out of state funds, [2] whether the entity performs central governmental functions, [3] whether the entity may sue or be sued, [4] whether the entity has the power to take property in its own name

---

[6] Defendants request that the court take judicial notice of the Bar's Bylaws, available at https://www.osbar.org/_docs/rulesregs/bylaws.pdf, and mission statement, available at https://www.osbar.org/about.html.  The Bylaws and mission statement are not subject to reasonable dispute because their content is generally known within the District of Oregon and can be accurately and readily determined from reliable online sources.  *See* Fed R Evid 201(b).

Page 7 -    Defendants' Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

or only the name of the state, and [5] the corporate status of the entity."
861 F2d at 201.

In evaluating these factors, courts are mindful that the overriding purpose of state sovereign immunity is "to accord States the dignity that is consistent with their status as sovereign entities." *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 US 743, 760, 122 S Ct 1864, 152 L Ed 2d 962 (2002).

        2.    <u>Oregon law expressly provides that the Bar is an arm of the state</u>.

       The Bar is an arm of the State of Oregon. Oregon law expressly provides, "The Oregon State Bar is * * * an instrumentality of the Judicial Department of the government of the State of Oregon," ORS 9.010(2), which federal courts have consistently recognized makes the Bar an arm of the state for purposes of Eleventh Amendment immunity from money damages and prospective relief. *See Hartfield v. Or. State Bar*, No. 3:16-cv-00068-ST, 2016 WL 9225978, at *1 (D Or Jan. 15, 2016) ("claims against the OSB in federal court are barred by the Eleventh Amendment"), *report and recommendation adopted*, 2016 WL 9226386 (D Or Feb. 16, 2016), *aff'd*, 671 F App'x 456 (9th Cir 2016); *Coultas v. Payne*, No. 3:12-cv-1132-AC, 2012 WL 6725845, at *3 (D Or Nov. 27, 2012), *report and recommendation adopted*, 2012 WL 6726247, at *1 (D Or Dec. 27, 2012) ("Because the Oregon State Bar is an instrumentality of the State of Oregon's Judicial Department, * * * all of Plaintiff's claims for damages against Defendant Oregon State Bar are barred by the Eleventh Amendment."); *Weidner v. Albertazzi*, No. 06-930-HO, 2006 WL 2987704, at *1 (D Or Oct. 13, 2006) ("the Oregon State Bar is immune from suit for damages in federal court"); *Erwin v. Oregon ex rel. Kitzhaber*, 231 F Supp 2d 1003, 1007 (D Or 2001) (In claim for both money damages and injunctive relief "the Oregon State Bar is an arm of the State of Oregon and is entitled to immunity from suit in

4829-8874-7653.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

federal court as provided by the Eleventh Amendment to the United States Constitution."), *aff'd*, 43 F App'x 122 (9th Cir 2002).[7]

        3.    <u>The Bar is an arm of the state by application of the Mitchell factors</u>.

        The totality of the *Mitchell* factors confirms that the Bar is an arm of the state.

        a.    <u>The Bar performs a central government function</u>.

        The Bar performs a central state government function, which is often the dispositive *Mitchell* factor. *See Rounds v. Or. State Bd. of Higher Educ.*, 166 F3d 1032, 1035 (9th Cir 1999). In Oregon, regulating attorneys is an essential function of the judicial branch of state government. *Ramstead v. Morgan*, 219 Or 383, 399, 347 P2d 594 (1959) ("No area of judicial power is more clearly marked off and identified than the courts' power to regulate the conduct of the attorneys who serve under it."); *see also Sadler v. Oregon State Bar*, 275 Or 279, 287, 550 P2d 1218 (1976) ("The power to admit a person to the practice of law is judicial.").

        The Bar and the Oregon Supreme Court jointly carry out this government function. For example, the Bar regulates admission to the practice of law and the conduct of practicing attorneys, while the Oregon Supreme Court retains original jurisdiction to make final admissions, reinstatement, and disciplinary decisions. *See* ORS 9.080; ORS 9.114; ORS 9.210; ORS 9.490; BR 2.3; ORS 9.536; ORAP 11.25. Further, the Oregon Supreme Court (i) appoints the Bar's presiding disciplinary adjudicator and other members of the Bar's Disciplinary Board (BR 2.4); (ii) appoints the members of the State Professional Responsibility Board (ORS 9.532; Bylaws § 18.100; BR 2.3), Unlawful Practice of Law Committee (BR 12.1), and Board of Bar

---

[7] The Ninth Circuit and other district courts in our circuit have similarly treated other state bars as arms of the state and entitled to sovereign immunity. *See Hirsh v. Justices of Supreme Court of Cal.,* 67 F3d 708, 715 (9th Cir 1995); *Ginter v. State Bar of Nev.*, 625 F2d 829, 830 (9th Cir 1980) (per curiam); *Eugster v. Wash. State Bar Ass'n*, No. C15-0375JLR, 2015 WL 5175722, at *9 (WD Wash Sept. 3, 2015), *aff'd*, 684 F App'x 618 (9th Cir 2017).

Page 9 -    Defendants' Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

Examiners (ORS 9.210; Bylaws § 28.1); (iii) reviews the eligibility of candidates for the Board

of Governors of the Bar (ORS 9.042); (iv) approves changes to the Bar's Bylaws concerning

admission to practice law (ORS 9.542; Bylaws § 28.6); (v) reviews procedural rules relating to

admission, discipline, resignation, and reinstatement of members of the Bar (ORS 9.005(7)); and

(vi) approves the Bar's budget for admissions, discipline, and minimum continuing legal

education programs (Bylaws § 7.202). The Bar's responsibility for assisting the Oregon Supreme

Court in regulating Oregon attorneys is a central function of the state government and weighs

strongly in favor of recognizing the Bar's sovereign immunity.

b.    <u>The effect of a money judgment.</u>

The State of Oregon would have no legal obligation to satisfy a money judgment

against the Bar, *see* ORS 9.010(6), but this *Mitchell* factor is not dispositive and some federal

courts consider it "the least important" factor in the sovereign-immunity analysis. *Thiel v. State*

*Bar of Wis.*, 94 F3d 399, 401 (7th Cir 1996), *overruled on other grounds by Kingstad v. State*

*Bar of Wis.*, 622 F3d 708 (7th Cir 2010).

c.    <u>The ability to sue and be sued.</u>

The Bar "may sue and be sued" in state court, ORS 9.010(5), but a waiver of

immunity in state court does not waive Eleventh Amendment immunity. *See Estate of Pond v.*

*Oregon*, 322 F Supp 2d 1161, 1165 (D Or 2004); *see also Belanger v. Madera Unified Sch. Dist.*,

963 F2d 248, 254 (9th Cir 1992) ("It is undisputed that California school districts can sue and be

sued in their own name. * * * However, it does not necessarily follow that the [Bar] can be sued

for money damages just because it can be sued in its own name.").

Page 10 -    Defendants' Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

       d.     <u>The power to take and own property</u>.

To "promot[e] its objectives," the Bar may "acquire, hold, own, encumber, insure, sell, replace, deal in and with and dispose of real and personal property," ORS 9.010(5), but the Bar may not freely use all property it possesses.  For example, the Uniform Disposition of Unclaimed Property Act allows the Bar to take possession of abandoned client funds held in lawyers' trust accounts, but directs these funds to the state's Legal Services Program. ORS 98.304; ORS 98.386(2); ORS 9.572(1); ORS 9.577.  Because the Bar may take possession of some property, but must use some of this property to support a benefit to the state, this factor is entitled to little weight.  *See Belanger*, 963 F2d at 254 (because school districts could hold property in their own name, but did so for the purpose of providing public education, which is a state benefit, the fourth *Mitchell* factor was too close to call).

       e.     <u>Corporate status</u>.

As explained above, Oregon law provides that the Bar is "a public corporation and an instrumentality of the Judicial Department of the government of the State of Oregon." ORS 9.010(2); *see also State ex rel. Frohnmayer v. Oregon State Bar*, 307 Or 304, 309, 767 P2d 893 (1989) ("That the bar is an instrumentality of the Judicial Department, and that it performs statewide functions on behalf of that department, weigh in favor of the conclusion that the bar itself is a state agency under [Oregon's public-records law].").  This factor weighs heavily in favor of immunity.

In sum, the most important *Mitchell* factor (whether the Bar performs a central government function) weighs strongly in favor of finding immunity for the Bar, one factor (the effect of a money judgment) weighs against immunity, and the remaining factors (ability to sue,

Page 11 -   Defendants' Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

ability to take property, and corporate status) either weigh in favor of immunity or are neutral. The *Mitchell* factors confirm that the Bar is an arm of the state under Oregon law.  The Bar, and the Individual Defendants in their official capacity, should therefore be granted immunity from suit under the Eleventh Amendment, just like other integrated bars in the Ninth Circuit.  *See, e.g.*, *Hirsh*, 67 F3d at 715 (California); *O'Connor v. State of Nev.*, 686 F2d 749, 749-50 (9th Cir 1982) (Nevada); *Eugster v. Wash. State Bar Ass'n*, No. C15-0375JLR, 2015 WL 5175722, at *9 (WD Wash. Sept. 3, 2015) (Washington).

> **B.  Plaintiffs Fail to Plausibly State a Claim Against Any Defendant Because U.S. Supreme Court Precedent Establishes That Integrated Bars Are Constitutional and May Use Mandatory Membership Fees for Political Speech Germane to Regulating Attorneys and Improving Legal Services.**

Section 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution."  42 USC § 1983.  Plaintiffs allege that defendants violated their First Amendment rights by compelling them to join the Bar and pay mandatory dues (third claim for relief), engaging in political speech without adequate safeguards to ensure that defendants' speech is germane to the purpose of improving the quality of legal services (first claim for relief), and engaging in nongermane political speech without members' affirmative consent (second claim for relief).

As explained below, plaintiffs have failed to effectively allege any constitutional violation, and the court should dismiss all claims, with prejudice.

> 1.  The Constitution permits compulsory membership in a state bar and the assessment of mandatory membership fees.

Plaintiffs' third claim (their "Compelled Membership" claim) alleges that defendants are violating plaintiffs' First Amendment rights "not to associate" and "to avoid

4829-8874-7653.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

subsidizing group speech" by enforcing state laws that require Oregon attorneys to join the Bar and pay membership fees.  (Compl. ¶¶ 81-83.)

But the U.S. Supreme Court has repeatedly held that mandatory state bars, and the assessment of membership fees, do not violate the Constitution.  First, in *Lathrop v. Donohue*, 367 US 820, 843, 81 S Ct 1826, 6 L Ed 2d 1191 (1961), the U.S. Supreme Court held that mandatory bar membership does not "impinge[] upon protected rights of association."  The *Lathrop* Court explained that a state bars could compel membership and assess fees:  "[I]n order to further the State's legitimate interests in raising the quality of professional services, [the bar] may constitutionally require that the costs of improving the profession in this fashion should be shared by the subjects and beneficiaries of the regulatory program, the lawyers."  *Id.*

Next, in *Keller*, 496 US 1, the U.S. Supreme Court held that an integrated bar's use of compulsory dues to finance political speech germane to improving the quality of legal services does not impinge on protected-speech rights.  The *Keller* Court explained that this was consistent with its decision in *Abood v. Detroit Bd. of Educ.*, 431 US 209, 97 S Ct 1782, 52 L Ed 2d 261 (1977), that public-sector unions "could not expend a dissenting individual's dues for ideological activities not 'germane' to the purpose for which compelled association was justified."  496 US at 13.  The *Keller* Court held that "the compelled association and integrated bar are justified by the State's interest in regulating the legal profession and improving the quality of legal services.  The State Bar may therefore constitutionally fund activities germane to those goals out of the mandatory dues of all members."  496 US at 13-14.

More recently, in *Harris v. Quinn*, ___ US ____, 134 S Ct 2618, 2638, 189 L Ed 2d 620 (2014), the U.S. Supreme Court affirmed its holding in *Keller*, distinguishing it

Page 13 -    Defendants' Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

from "*Abood*'s questionable foundations."  *See also* 134 S Ct at 2632-34 (explaining how "[t]he

*Abood* Court's analysis is questionable on several grounds").  In holding that states could not

compel home health care workers to pay union fees, the *Harris* Court explained that *Abood*

"applies [only] to public employees," 134 S Ct at 2638—and expressly rejected any notion that

*Harris's* ruling affected *Keller*.   The Court said that *Keller* "fits comfortably within the

framework applied in [*Harris*]" and reiterated (a) that integrated bars are justified by a state's

compelling interest "in regulating the legal profession and improving the quality of legal

services" and (b) that "[s]tates also have a strong interest in allocating to the members of the bar,

rather than the general public, the expense of ensuring that attorneys adhere to ethical practices."

134 S Ct at 2643-44 (internal quotation marks and citation omitted).

U.S. Supreme Court precedent establishes that states have a compelling interest in

regulating attorneys and may require membership in an integrated bar that assesses mandatory

membership fees *without* violating the First Amendment.  Accordingly, this court should dismiss

plaintiffs' "Compelled Membership" claim, with prejudice.

> 2.   An integrated bar may engage in political speech germane to improving the quality of legal services and affords adequate First Amendment safeguards by allowing members a reasonable opportunity to reclaim fees used to fund allegedly nongermane speech.

Plaintiffs' first claim (their "Compelled Speech and Association" claim) alleges

that defendants are violating their First Amendment associational and speech rights by not

providing "the minimum safeguards required * * * before collecting and expending mandatory

member dues."  (Compl. ¶ 70.)  Plaintiffs acknowledge that the Bar has procedures for refunding

membership fees used to fund speech with which the member objects—procedures that plaintiffs

themselves used to receive a refund for the costs of publishing the April 2018 *Bulletin*.

Page 14 -   Defendants' Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

(Compl. ¶¶ 49-52.)  Nevertheless, plaintiffs assert that this procedure is constitutionally inadequate because it does not provide "(a) notice to members, including an adequate explanation of the * * * calculations of all non-chargeable activities * * *; (b) a reasonably prompt decision by an impartial decision maker * * *; and (c) an escrow for the amounts reasonably in dispute."  (Compl. ¶ 64.)

But the Constitution does not require the procedures that plaintiffs seek, and as a matter of law, the Bar's refund procedures adequately protect plaintiffs' First Amendment rights. The Supreme Court has indicated that an integrated bar must have safeguards to ensure that members are not required to fund nongermane political speech, but it has not determined what specific safeguards are required.  *Keller*, 496 US at 17.  The Ninth Circuit has indicated that integrated bars that provide a mechanism for "members to seek a refund of the proportion of their dues that the State Bar has spent on political activities unrelated to its [purpose]" provide members adequate First Amendment protections under *Keller*.  *Morrow v. State Bar of Cal.*, 188 F3d 1174, 1175 (9th Cir 1999).

That is exactly what the Bar's Bylaws provide.  Its Bylaws require that all political speech "be reasonably related" to germane topics and offer members a reasonable opportunity to reclaim fees used to fund any alleged nongermane speech.  Section 12.1 of the Bylaws requires that all of the Bar's "legislative or policy activities must be reasonably related to" one of the following nine topics:

- Regulating and disciplining lawyers;

- Improving the functioning of the courts, including issues of judicial independence, fairness, efficacy, and efficiency;

- Making legal services available to society;

Page 15 -   Defendants' Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

- Regulating lawyer trust accounts;

- The education, ethics, competence, integrity, and regulation of the legal profession;

- Providing law improvement assistance to elected and appointed government officials;

- Issues involving the structure and organization of federal, state, and local courts in or affecting Oregon;

- Issues involving the rules of practice, procedure, and evidence in federal, state, or local courts in or affecting Oregon; or

- Issues involving the duties and functions of judges and lawyers in federal, state, and local courts in or affecting Oregon.

(*See also* Compl. ¶ 36.)

If a member believes that the Bar has nonetheless funded speech that is not related to a permissible topic, the Bylaws set forth a procedure by which the member can promptly seek a refund of the member's Bar dues. Section 12.6 of the Bylaws outlines this procedure. In relevant part, it provides:

**"Section 12.6 Objections to Use of Bar Dues**

"*Subsection 12.600 Submission*

"A member of the Bar who objects to the use of any portion of the member's bar dues for activities he or she considers promotes or opposes political or ideological causes may request the Board to review the member's concerns to determine if the Board agrees with the member's objections. * * *

"*Subsection 12.601 Refund*

"If the Board agrees with the member's objection, it will immediately refund the portion of the member's dues that are attributable to the activity, with interest paid on that sum of money from the date that the member's fees were received to the date of the Bar's refund. * * * If the Board disagrees with the member's objection, it will immediately offer the member the opportunity to

Page 16 -   Defendants' Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

submit the matter to binding arbitration between the Bar and the objecting member.

"*Subsection 12.602 Arbitration*

"If an objecting member agrees to binding arbitration, the matter will be submitted to the Oregon Senior Judges Association ('OSJA') for the designation of three active status retired judges who have previously indicated a willingness to serve as volunteer arbitrators in these matters.  The Bar and the objecting member will have one peremptory challenge to the list of arbitrators.  * * *  The arbitrator will promptly decide the matter, applying the standard set forth in *Keller v. State Bar of California*, 496 U.S. 1, 110 S. Ct. 2228, 110 L. Ed. 2d 1 (1990), to the expenditures to which the member objected.  * * *  If the arbitrator agrees with the member's objection, the Bar will immediately refund the portion of the member's dues that are reasonably attributable to the activity, with interest at the statutory rate paid on the amount from the date that the member's fees were received to the date of the Bar's refund."

This procedure complies with *Keller*'s requirement, and with other appellate court decisions regarding remedies for claimed nongermane speech.  *See Keller*, 496 US at 17; *Morrow*, 188 F3d at 1175; *Gibson v. Fla. Bar [Gibson II]*, 906 F2d 624, 632 (11th Cir 1990); *Gibson v. Fla. Bar [Gibson I]*, 798 F2d 1564, 1570 n.5 (11th Cir 1986) ("[T]he difficult task of discerning proper Bar position issues could be avoided by * * * a refund procedure allowing dissenting lawyers to notify the Bar that they disagree with a Bar position, then receive that portion of their dues allotted to lobbying.").

Here, plaintiffs invoked the Bar's dispute-resolution procedures to receive a refund related to the April 2018 *Bulletin*.  (Compl. ¶¶ 49-51.)  In accordance with the Bar's Bylaws, plaintiffs could have also objected to the amount of the refund and promptly challenged this amount before an impartial decision-maker.  Bylaws § 12.6.  The First Amendment requires no more in this context.  Accordingly, this court should dismiss plaintiffs' "Compelled Speech and Association" claim, with prejudice.

Page 17 -   Defendants' Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

3.      The Constitution does not require an integrated bar to receive "affirmative consent" before engaging in speech activities.

Plaintiffs' second claim (their "Right to Affirmatively Consent" claim) alleges that the Bar "may not use a member's mandatory dues or fees to engage in political activities or other activities not germane to the bar association's purpose of improving the quality of legal services * * * unless the member affirmatively consents."  (Compl. ¶ 74.)  Plaintiffs assert that the Bar violated their purported right to "opt-in" to paying for nongermane speech "through its publication of the April 2018 Bar Bulletin and through its legislative and policy advocacy generally," without having first received plaintiffs' affirmative consent.  (Compl. ¶ 76.)  But this claim fails for two reasons:  (a) as explained above, the Bar's Bylaws provide constitutionally adequate First Amendment protections to its members and (b) in any event, the Bar did not engage in nongermane speech.

a.      Plaintiffs receive all First Amendment protections required by the Constitution.

Plaintiffs' "Right to Affirmatively Consent" claim makes a second attack on the Bar's refund procedures, asserting that these procedures are deficient because they "require members to opt out to avoid paying for non-germane activities."  (Compl. ¶ 75.)  Plaintiffs cite *Janus v. Am. Fed'n of State, Cty., & Mun. Emps., Council 31*, ___ US ___, 138 S Ct 2448, 2486, 201 L Ed 2d 924 (2018), which held that public-sector unions may not collect agency fees "unless the employee affirmatively consents to pay," in purported support of their position.

But *Keller*, not *Janus*, describes the constitutional protections afforded members of an integrated bar.  As explained above, the Ninth Circuit has indicated that integrated bars that allow members to seek a refund of their dues for alleged compelled-speech violations provide adequate First Amendment protections under *Keller*.  *See Morrow*, 188 F3d at 1175.  And the

Page 18 -   Defendants' Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

Bar's procedures—which plaintiffs used to secure a refund—are consistent with the Ninth

Circuit's requirements.  Plaintiffs' assertion that the absence of an "opt-in" procedure amounts to

a constitutional violation therefore fails.

        b.      <u>The April 2018 Statement was germane to promoting access to justice and improving the quality of legal services.</u>

Plaintiffs also assert that the Bar violated their First Amendment rights by using

"mandatory member fees for non-chargeable activities, including * * * its publication of the

April 2018 Bar Bulletin and * * * its legislative and policy advocacy generally."  (Compl. ¶ 76.)

In particular, plaintiffs object to "two statements on alleged 'white nationalism,' one of which

specifically criticized President Donald Trump."  (Compl. ¶¶ 42, 6.)

As an initial matter, the court need not address plaintiffs' allegation that the Bar

engaged in nongermane speech because, as explained above, the Bar's refund procedures provide

adequate First Amendment protections to its members and plaintiffs do not have a right to

"affirmatively consent" before the Bar engages in speech activities.

But plaintiffs' claim fails even if the court addresses this issue.  Plaintiffs assert in

conclusory fashion that the statements in the April 2018 *Bulletin* "constituted political speech"

and "non-chargeable activities."  (Compl. ¶¶ 44, 76.)  But whether a statement may be

considered political speech is insufficient to show a First Amendment violation because the Bar

may use membership fees to fund political speech germane to regulating the legal profession and

improving the quality of legal services.  *Keller*, 496 US at 14, 16.

The Bar's April 2018 Statement meets this standard.  In *Gardner v. State Bar of

Nev.*, 284 F3d 1040, 1043 (9th Cir 2002) (internal quotation marks and citation omitted), the

Ninth Circuit recognized that it is permissible for integrated bars to speak on topics that advance

Page 19 -   Defendants' Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

the public's "understanding of the law, the system of justice, and the role of lawyers * * * to make the law work for everyone." *See also Kingstad*, 622 F3d at 719-21 ("The [*Gardner*] court provided a powerful defense of the legal profession and the need for fostering—and earning—public trust.").  As the Oregon Supreme Court has recognized:

> "The courts can be fully effective in serving the public only if they can be seen by the people as a symbol of impartial judgment.  To maintain this necessary symbolism it is essential that there be no doubt, even in the mind of the most suspicious, of that impartiality and of the integrity of those entrusted with the legal machinery which insures it." *Ramstead*, 219 Or at 400.

In compliance with these germane principles, the Bar's April 2018 Statement reminds lawyers "to safeguard the rule of law and to ensure its fair and equitable administration" and emphasizes the importance of serving marginalized and underrepresented communities in Oregon.  (Compl., Ex. A.)  As an expression of the standards to which the Bar holds Oregon attorneys, the Bar's April 2018 Statement squarely falls within the Bar's mission of promoting access to justice and improving the quality of legal services, which is acceptable for an integrated bar to do.  *See Gardner*, 284 F3d at 1041-43.

The Specialty Bar Statement, on its face, is a statement of seven affinity bars—not the Oregon State Bar or any defendant.  Thus, whether or not it was germane to promoting access to justice and the improvement of legal services is immaterial.  Moreover, taken as a whole, the statement announces its support for the Bar's April 2018 Statement and the Bar's "commitment to the vision of a justice system that operates without discrimination and is fully accessible to all Oregonians."  Plaintiffs cannot credibly claim that their constitutional rights were violated by any of the defendants' actions.

Page 20 -   Defendants' Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

Finally, plaintiffs' allegations that the Bar engages in impermissible "legislative and policy advocacy generally" is merely a conclusory statement, which is not entitled to an inference of truth or sufficient to state a claim for relief that is plausible on its face.  *See Iqbal*, 556 US at 681 (citing *Twombly*, 550 US at 554-55).

In sum, plaintiffs' "Right to Affirmatively Consent" claim fails as a matter of law because (i) the Bar's refund procedures comply with the Ninth Circuit's interpretation of controlling U.S. Supreme Court precedent and (ii) the Bar's speech about which plaintiffs complain was germane to the furthering the compelling state interests that the Bar is charged with advancing.  The court should dismiss this claim, with prejudice.

### C.    The Individual Defendants Are Entitled to Qualified Immunity From All Claims for Damages.

Plaintiffs' prayer for relief seeks damages "in the amount of all dues they have paid to the Oregon State Bar within the applicable limitations period."  (Compl. at Request ¶ E.) It is not clear from which defendants plaintiffs seek to recover these alleged damages.  These damages cannot be recovered from the Individual Defendants, however, because they are entitled to qualified immunity.

Public officials are entitled to qualified immunity unless their alleged conduct violated a "clearly established" constitutional right.  *Ashcroft v. al-Kidd*, 563 US 731, 735, 131 S Ct 2074, 179 L Ed 2d 1149 (2011).  This standard is met only when, "at the time of the challenged conduct, the contours of a [constitutional] right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right."  *al-Kidd*, 563 US at 741 (internal punctuation and citation omitted); *see also Plumhoff v. Rickard*, 572 US 765, 779, 134 S Ct 2012, 188 L Ed 2d 1056 (2014) (existing precedent must place the

Page 21 -    Defendants' Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

constitutional question "beyond debate") (internal quotation marks and citation omitted).  It is appropriate to rule on qualified immunity on a motion to dismiss.  *Hunter v. Bryant*, 502 US 224, 227, 112 S Ct 534, 116 L Ed 2d 589 (1991) ("[B]ecause the entitlement is an immunity from suit rather than a mere defense to liability, we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.") (internal punctuation, emphasis, and citation omitted).

Plaintiffs allege that the Individual Defendants violated the Constitution by implementing and enforcing Oregon law governing Bar membership and the Bar's Bylaws governing political speech.  (Compl. ¶¶ 21-25.)  But U.S. Supreme Court precedent establishes that these laws and Bylaws are constitutional.  *Lathrop* established that a state bar can compel membership and assess fees.  367 US at 843.  *Keller* established that a state bar can fund political and ideological speech that is germane to the goals of regulating the legal profession and improving the quality of legal services, and establish procedures for refunding members' dues when it engages in political speech challenged as nongermane.  496 US at 13-14.  And *Harris* confirmed that the then-questionable foundations of *Abood*—which was recently overturned in *Janus*, 138 S Ct 2448—did not "call into question [the Court's] decision[] in *Keller*."  *Harris*, 134 S Ct at 2643.

The Individual Defendants therefore did not violate the First Amendment by enforcing Oregon's Bar membership laws and the Bar's Bylaws, nor could any reasonable Bar official have understood that enforcing these laws and Bylaws was unconstitutional.  *See al-Kidd*, 563 US at 741.  Moreover, as Ninth Circuit noted in *Gardner*, "the Supreme Court [has] acknowledged, it is not always easy to discern on which side of the line the activities of a state

Page 22 -   Defendants' Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

bar association fall." 284 F3d at 1042 (internal citation omitted). Because existing precedent has not placed the constitutional question "beyond debate"—and in fact confirms that Oregon's Bar membership laws and the Bar's Bylaws are constitutional—the Individual Defendants are entitled to qualified immunity from plaintiffs' claims for damages. *See Plumhoff*, 572 US at 779.

>    **D.    The "Oregon State Bar Board of Governors" Is Not a Legal Entity Capable of Being Sued and Should Therefore Be Dismissed.**

While the Bar can sue and be sued in state court, the BOG is merely a governing body and not a legal entity with the capacity for suit. Fifteen of its nineteen members are independently elected by active Bar members, and four public members are appointed, for the purpose of governing the Bar. *See* ORS 9.025. Because the BOG has no capacity to be sued, it should be dismissed or, alternatively, disregarded for purposes of plaintiffs' claims.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 23 -    Defendants' Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

## V.   CONCLUSION

As set forth above, plaintiffs' lawsuit does not and cannot assert viable claims against any defendant.  Defendants therefore respectfully request that the court dismiss plaintiffs' lawsuit, without leave to replead.

DATED this 9th day of January, 2019.

**MILLER NASH GRAHAM & DUNN LLP**

s/Taylor D. Richman
Elisa J. Dozono, OSB No. 063150
elisa.dozono@millernash.com
Taylor D. Richman, OSB No. 154086
taylor.richman@millernash.com
Telephone:  503.224.5858
Facsimile:  503.224.0155

**TONKON TORP LLP**

Steven M. Wilker, OSB No. 911882
steven.wilker@tonkon.com
Megan Houlihan, OSB No. 161273
meg.houlihan@tonkon.com
888 S.W. Fifth Avenue, Suite 1600
Portland, Oregon  97204
Telephone:  503.802.2040; 503.802.2184
Facsimile:  503.274.8779

**SCHWABE, WILLIAMSON & WYATT, P.C.**

Michael Gillette, OSB No. 660458
wmgillette@schwabe.com
1211 S.W. Fifth Avenue, Suite 1900
Portland, Oregon  97204
Telephone:  503.796.2927
Facsimile:  503.796.2900

*Attorneys for Defendants*

Page 24 -   Defendants' Motion to Dismiss

4829-8874-7653.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204