**Elisa J. Dozono**, OSB No. 063150
elisa.dozono@millernash.com
**Taylor D. Richman**, OSB No. 154086
taylor.richman@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204
Telephone: 503.224.5858
Facsimile: 503.224.0155

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DANIEL Z. CROWE; LAWRENCE K. PETERSON; and OREGON CIVIL LIBERTIES ATTORNEYS, an Oregon Nonprofit Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> OREGON STATE BAR, a Public Corporation; OREGON STATE BAR BOARD OF GOVERNORS; VANESSA NORDYKE, President of the Oregon State Bar Board of Governors; CHRISTINE CONSTANTINO, President-elect of the Oregon State Bar Board of Governors; HELEN HIERSCHBIEL, Chief Executive Officer of the Oregon State Bar; KEITH PALEVSKY, Director of Finance and Operations of the Oregon State Bar; AMBER HOLLISTER, General Counsel for the Oregon State Bar, <br><br> Defendants. | Case No. 3:18-cv-02139-JR <br><br> DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS <br><br> <u>**ORAL ARGUMENT REQUESTED**</u> |

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

# TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................... 1

II.   THIS COURT'S POST-*MITCHELL* DECISIONS CONFIRM THAT THE
      BAR IS IMMUNE FROM SUIT UNDER THE ELEVENTH AMENDMENT ........ 3

      A.   Plaintiffs Do Not Refute That the District of Oregon Has Repeatedly
           Ruled That the Bar Is an Arm of State Government ................................. 3

      B.   Plaintiffs Also Fail to Show That the *Mitchell* Factors Weigh Against
           Eleventh Amendment Immunity ............................................................... 4

           1.   Plaintiffs fail to recognize the influence of the second *Mitchell*
                factor on the court's analysis of the first factor. ......................... 4

           2.   Plaintiffs also fail to correctly analyze and weigh the last three
                *Mitchell* factors. ....................................................................... 5

III.  U.S. SUPREME COURT PRECEDENT CONFIRMS THAT PLAINTIFFS'
      COMPULSORY MEMBERSHIP CLAIM FAILS AS A MATTER OF LAW ......... 7

      A.   *Lathrop* and *Keller* Both Squarely Address Compulsory Bar Membership. ......... 7

      B.   The U.S. Supreme Court Has Already Explained That Compulsory Bar
           Membership Survives Exacting Scrutiny .................................................. 10

IV.   U.S. SUPREME COURT PRECEDENT CONFIRMS THAT PLAINTIFFS'
      AFFIRMATIVE-CONSENT CLAIM FAILS AS A MATTER OF LAW ............... 12

      A.   *Janus* Does Not Establish That an Integrated State Bar Must Have
           Members' Affirmative Consent to Engage in Germane Political Speech. ........... 12

      B.   Plaintiffs Fail to Establish That the Bar's April 2018 Statement Is Not
           Germane to Promoting Access to Justice and Improving the Quality of
           Legal Services. ...................................................................................... 13

      C.   Plaintiffs Fail to Establish That the Bar Violated the Constitution by
           Publishing the Specialty Bar Statement. .................................................. 14

      D.   Plaintiffs Fail to Establish That They Have Plausibly Alleged a Claim
           Based on the Bar's General Legislative and Policy Advocacy. .................... 16

V.    PLAINTIFFS FAIL TO ESTABLISH THAT THE BAR DOES NOT
      PROVIDE ADEQUATE FIRST AMENDMENT SAFEGUARDS TO ITS
      MEMBERS ............................................................................................. 17

VI.   CONCLUSION ....................................................................................... 21

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

# Cases

*Abood v. Detroit Bd. of Educ.,*
　431 U.S. 209, 97 S. Ct. 1782, 52 L. Ed. 2d 261 (1977)..............................................12

*Agostini v. Felton,*
　521 U.S. 203, 117 S. Ct. 1997, 138 L. Ed. 2d 391 (1997).............................. *passim*

*Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.,*
　5 F.3d 378 (9th Cir. 1993) ................................................................................4, 5

*Ashcroft v. Iqbal,*
　556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)....................................16

*Bd. of Regents of Univ. of Wis. Sys. v. Southworth,*
　529 U.S. 217, 120 S. Ct. 1346, 146 L. Ed. 2d 193 (2000)................................15, 16

*Chicago Teachers Union, Local No. 1 v. Hudson,*
　475 U.S. 292, 106 S. Ct. 1066, 89 L. Ed. 2d 232 (1986)........................................18

*Christian Legal Soc'y Chapter of Univ. of Cal., Hastings Coll. of Law v. Martinez,*
　561 U.S. 661, 130 S. Ct. 2971, 177 L. Ed. 2d 838 (2010).....................................14

*Coultas v. Payne,*
　No. 3:12-cv-1132-AC, 2012 WL 6725845 (D Or. Nov. 27, 2012) ..........................3

*Eardley v. Garst,*
　232 F.3d 894 (9th Cir. 2000) ...................................................................................3

*Erwin v. Oregon ex rel. Kitzhaber,*
　231 F.Supp.2d 1003 (D Or. 2001), *aff'd,* 43 F.App'x 122 (9th Cir. 2002) ...............4

*Eugster v. Wash. State Bar Ass'n,*
　684 F.App'x 618 (9th Cir), *cert denied,* 137 S. Ct. 2315 (2017) .................... *passim*

*State ex rel. Frohnmayer v. Oregon State Bar,*
　307 Or. 304, 767 P.2d 893 (1989) ...........................................................................6

*Gardner v. State Bar of Nev.,*
　284 F.3d 1040 (9th Cir. 2002) ...........................................................................13, 15

*Ginter v. State Bar of Nev.,*
　625 F.2d 829 (9th Cir.1980) .....................................................................................3

*Harris v. Quinn,*
　___ U.S. ___, 134 S. Ct. 2618, 189 L. Ed. 2d 620 (2014)................................10, 11

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

*Hartfield v. Or. State Bar*,
No. 3:16-cv-00068-ST, 2016 WL 9225978 (D Or. Jan. 15, 2016)...........3

*Hirsh v. Justices of the Supreme Court of the State of Cal.*,
67 F.3d 708 (9th Cir.1995) ...........................................................................3

*Janus v. Am. Fed'n of State, Cty., & Mun. Emps., Council 31*,
___ U.S. ___, 138 S. Ct. 2448, 201 L. Ed. 2d 924 (2018)..........2, 10, 12

*Kaimowitz v. Fla. Bar*,
996 F.2d 1151 (11th Cir. 1993) ...................................................................9

*Keller v. State Bar of Cal.*,
496 U.S. 1, 110 S. Ct. 2228, 110 L. Ed. 2d 1 (1990)........................ *passim*

*Kingstad v. State Bar of Wis.*,
622 F.3d 708 (7th Cir. 2010) ......................................................................9

*Lathrop v. Donohue*,
367 U.S. 820, 81 S. Ct. 1826, 6 L. Ed. 2d 1191 (1961)...................... *passim*

*Mitchell v. Los Angeles Cmty. Coll. Dist.*,
861 F.2d 198 (9th Cir. 1988) ...............................................................4, 5, 7

*Morrow v. State Bar of Cal.*,
188 F.3d 1174 (9th Cir. 1999) ..............................................................12, 20

*O'Connor v. State of Nev.*,
27 F.3d 357 (9th Cir. 1994), *cert denied*, 514 U.S. 1021 (1995)..............9

*O'Connor v. State of Nev.*,
686 F.2d 749 (9th Cir. 1982) (per curiam)................................................5

*Ramstead v. Morgan*,
219 Or. 383, 347 P.2d 594 (1959) .............................................................5

*Romero v. Colegio de Abogados de Puerto Rico*,
204 F.3d 291 (1st Cir. 2000)......................................................................9

*Rosenberger v. Rector & Visitors of Univ. of Va.*,
515 U.S. 819, 115 S. Ct. 2510, 132 L. Ed. 2d 700 (1995).......................15

*Rounds v. Or. State Bd. of Higher Educ.*,
166 F.3d 1032 (9th Cir. 1999) ...............................................................5, 7

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

*Sato v. Orange Cty. Dep't of Educ.*,
  861 F.3d 923 (9th Cir), *cert denied*, 138 S. Ct. 459 (2017) ....................................6

*Weidner v. Albertazzi*,
  No. 06-930-HO, 2006 WL 2987704 (D Or. Oct. 13, 2006) ....................................3

**Statutes**

ORS 9.010 ....................................................................................................3, 6

ORS 9.080 ....................................................................................................5

ORS 9.100 ....................................................................................................18

ORS 9.114 ....................................................................................................5

ORS 9.210 ....................................................................................................5

ORS 9.490 ....................................................................................................5

ORS 9.537 ....................................................................................................5

ORS 9.568 ....................................................................................................6

ORS 9.657 ....................................................................................................6

ORS 30.265(2) ..............................................................................................6

ORS 174.117(1) ............................................................................................7

ORS 352.002 ................................................................................................7

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

<u>**LR 7-2 CERTIFICATE**</u>

This memorandum complies with the applicable page limitation in LR 7-2(b) because it does not exceed 35 pages, including headings, footnotes, and quotations, and excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

<u>**MEMORANDUM**</u>

## I.    INTRODUCTION

Defendants' motion sought dismissal on three grounds:  (1) the Bar is entitled to immunity from suit in federal court under the Eleventh Amendment; (2) binding U.S. Supreme Court precedent permits compulsory bar membership and the use of membership dues for speech germane to the regulation of attorneys and the improvement of legal services; and (3) as a matter of law, the Bar's First Amendment safeguards adequately protect members from funding non-germane speech by the Bar.[1]

Plaintiffs' response fails to rebut defendants' arguments and confirms that this court should dismiss all claims as a matter of law.  As described more fully below, the response: (1) fails to establish why this court should abandon the District of Oregon's consistent holding that the Bar is an arm of the state of Oregon and therefore immune from suit in federal court; (2) fails to explain why this court is not bound to follow the U.S. Supreme Court's holdings in *Lathrop v. Donohue*, 367 U.S. 820, 81 S. Ct. 1826, 6 L. Ed. 2d 1191 (1961), and *Keller v. State*

---

[1] Defendants also sought dismissal of all claims against the Board of Governors because it is not an entity that can be sued; plaintiffs conceded dismissal of their claims against the Board of Governors.  ECF No. 20, at 38.  In addition, defendants sought dismissal of all claims for money damages against the Individual Defendants; plaintiffs confirmed that they are not seeking money damages against the Individual Defendants.  ECF No. 20, at 37. Defendants therefore do not address these issues any further in this reply.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

*Bar of Cal.*, 496 U.S. 1, 4, 110 S. Ct. 2228, 110 L. Ed. 2d 1 (1990), and subsequent Ninth Circuit case law, that a state may establish an integrated bar and that the bar may engage in speech germane to the Bar's purposes without members' affirmative consent; and (3) fails to overcome defendants' argument that, as a matter of law, the Bar's First Amendment safeguards—which include publishing information about its expenses, limiting its speech to germane topics, and providing a refund mechanism if the Bar engages in non-germane speech—adequately protect members' constitutional rights. In addition, plaintiffs' response fails to establish that the Bar's April 2018 Statement was not germane to promoting access to justice and improving the quality of legal services or that the Bar is liable for publishing the Specialty Bar Statement, although the court need not reach this issue because the Bar's First Amendment safeguards adequately protect members' constitutional rights.

Rather than demonstrating how they have stated any plausible claims for relief in light of binding U.S. Supreme Court precedent, plaintiffs urge the court instead to extend the holding in *Janus v. Am. Fed'n of State, Cty., & Mun. Emps., Council 31*, ___ U.S. ___, 138 S. Ct. 2448, 2486, 201 L. Ed. 2d 924 (2018), from public-sector labor unions to integrated state bars. But this court is not at liberty to take plaintiffs up on this suggestion, because it is obligated to follow binding precedent when it exists. *See Agostini v. Felton*, 521 U.S. 203, 237, 117 S. Ct. 1997, 138 L. Ed. 2d 391 (1997) (when U.S. Supreme Court precedent "has direct application in a case, * * * the Court of Appeals should follow the case which directly controls, leaving to [the U.S. Supreme] Court the prerogative of overruling its own decisions") (internal quotation marks and citation omitted).

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

Plaintiffs have failed to plausibly allege that they cannot be compelled to join the Bar, that the Bar must have members' affirmative consent to engage in germane speech, and that the Bar's First Amendment safeguards are insufficient. Accordingly, defendants' motion should be granted in full.

## II. THIS COURT'S POST-*MITCHELL* DECISIONS CONFIRM THAT THE BAR IS IMMUNE FROM SUIT UNDER THE ELEVENTH AMENDMENT

### A. Plaintiffs Do Not Refute That the District of Oregon Has Repeatedly Ruled That the Bar Is an Arm of State Government.

It is beyond dispute that the Bar is "an instrumentality" of state government. ORS 9.010(2) ("The Oregon State Bar is a public corporation and an instrumentality of the Judicial Department of the government of the State of Oregon."). And plaintiffs do not dispute that, as a result, the District of Oregon has consistently held that the Bar is immune from suit under the Eleventh Amendment. ECF No. 15, at 8 (citing *Hartfield v. Or. State Bar*, No. 3:16-cv-00068-ST, 2016 WL 9225978, at *1 (D Or. Jan. 15, 2016), *report and recommendation adopted*, 2016 WL 9226386 (D Or. Feb. 16, 2016), *aff'd*, 671 F.App'x 456 (9th Cir. 2016); *Coultas v. Payne*, No. 3:12-cv-1132-AC, 2012 WL 6725845, at *3 (D Or. Nov. 27, 2012), *report and recommendation adopted*, 2012 WL 6726247, at *1 (D Or. Dec. 27, 2012); *Weidner v. Albertazzi*, No. 06-930-HO, 2006 WL 2987704, at *1 (D Or. Oct. 13, 2006); *Erwin v. Oregon ex rel. Kitzhaber*, 231 F.Supp.2d 1003, 1007 (D Or. 2001), *aff'd,* 43 F.App'x 122 (9th Cir. 2002)); *see also Eardley v. Garst*, 232 F.3d 894 (9th Cir. 2000) (claims against Oregon State Bar appropriately dismissed under Eleventh Amendment immunity); *Ginter v. State Bar of Nev.*, 625 F.2d 829, 830 (9th Cir.1980) (Nevada Bar immune under Eleventh Amendment); *Hirsh v. Justices of the Supreme Court of the State of Cal.*, 67 F.3d 708, 715 (9th Cir.1995) (California Bar immune under Eleventh Amendment).

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

Plaintiffs nevertheless assert that this Ninth Circuit and District of Oregon precedent does not establish that the Bar is immune from suit under the Eleventh Amendment because it does not expressly analyze the *Mitchell* factors.  ECF No. 20, at 29 n.8; *Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988).  But plaintiffs' argument ignores the fact that *Hartfield* (Judge Hernandez; 2016), *Coultas* (Judge Simon; 2012), *Weidner* (Judge Hogan; 2006), *Erwin* (Judge Frye; 2001), and *Eardley* (Ninth Circuit; 2000) were all issued after *Mitchell*.  Plaintiffs do not argue (nor could they) that the District of Oregon and the Ninth Circuit were unaware of *Mitchell* when it issued those decisions.  Moreover, plaintiffs cannot cite a single case in which the Bar was denied immunity under the Eleventh Amendment.

Accordingly, this court should follow the consistent holdings of the District of Oregon and the Ninth Circuit and dismiss all claims against the Bar based on Eleventh Amendment immunity.

**B.**    **Plaintiffs Also Fail to Show That the *Mitchell* Factors Weigh Against Eleventh Amendment Immunity.**

1.    <u>Plaintiffs fail to recognize the influence of the second *Mitchell* factor on the court's analysis of the first factor</u>.

Plaintiffs' *Mitchell* analysis neglects the critical interaction of the first two factors identified in that case.  Plaintiffs assert that the first factor (whether a judgment against the Bar would be satisfied out of the state treasury) is the most important and that it weighs against immunity because any judgment in this lawsuit would be paid by the Bar.

But this analysis fails to recognize that courts "cannot divorce" their assessment of the first and second *Mitchell* factors.  *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 380 (9th Cir. 1993).  And, contrary to plaintiffs' assertion, the second factor (whether the Bar performs a central government function) weighs strongly in favor of the immunity:  Under

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

Oregon law, the power to control lawyers is an essential function of the state government, and the Oregon Supreme Court has delegated some of this power to the Bar. *Ramstead v. Morgan*, 219 Or. 383, 399, 347 P.2d 594 (1959); *see also* ORS 9.080, 9.114, 9.210, 9.490 (illustrating proposition).

Taken together, the first and second factors assess whether the state is "the real, substantial party in interest." *Alaska Cargo Transp., Inc.*, 5 F.3d at 380 (internal quotation marks and citation omitted). This is because a judgment against a state instrumentality that "performs a vital governmental function" may, as a practical matter, affect the state treasury because of the state's "strong interest in keeping [the instrumentality] operationally and fiscally sound." *Alaska Cargo Transp., Inc.*, 5 F.3d at 380-82. Thus, the second factor often guides the Ninth Circuit's Eleventh Amendment analysis. *See, e.g.*, *Rounds v. Or. State Bd. of Higher Educ.*, 166 F.3d 1032, 1035 (9th Cir. 1999); *O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982) (per curiam). Here, the Bar's intimate role in assisting the Oregon Supreme Court in its performance of essential judicial functions weighs heavily toward affirming that the Bar is immune from suit in federal court under the Eleventh Amendment.

2.  Plaintiffs also fail to correctly analyze and weigh the last three *Mitchell* factors.

Plaintiffs also err in their analysis of the remaining *Mitchell* factors. They argue that the third factor (whether the Bar can sue and be sued) and fourth factor (whether the Bar can take property) weigh against immunity. But plaintiffs fail to recognize that the Bar enjoys immunity from civil liability for performing many of the functions through which it carries out the work of the state. *See* ORS 9.537 (the Bar is "absolutely immune from civil liability in the performance of [its] duties relative to proposed or pending admission, professional licensing

Page 5 -    Defendants' Reply in Support of Their Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

requirements, reinstatement or disciplinary proceedings."); ORS 9.568 (conferring immunity to the Bar for "acts in connection with the state lawyers assistance committee or any other personal and practice management assistance committee"); ORS 9.657 (conferring immunity to the Bar "from civil liability in the performance of [its] duties relative to proposed or pending client security fund claims"). Plaintiffs also underestimate the significance of the Uniform Disposition of Unclaimed Property Act and the statutes governing funding for the Legal Services Program, through which the state can compel the Bar to perform its work. In addition, plaintiffs fail to acknowledge the limited importance of the third and fourth factors. *See Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d 923, 934 (9th Cir), *cert denied*, 138 S. Ct. 459 (2017) (discussing topic).

Finally, plaintiffs argue that the fifth factor (the Bar's corporate status) establishes that the Bar is not an arm of the state. But the Oregon Supreme Court addressed this issue in *State ex rel. Frohnmayer v. Oregon State Bar*, 307 Or. 304, 309, 767 P.2d 893 (1989), and held that the Bar is a "state agency" and therefore subject to Oregon's public-records laws because it "is an instrumentality of the Judicial Department, and * * * performs statewide functions on behalf of that department." In addition, the Bar is subject to the Oregon Tort Claims Act, including, among other responsibilities, the obligation to represent and indemnify its officers, employees, and agents. ORS 9.010(3)(b); ORS 30.265(2). The Bar is not distinct from the state, and it is impossible to imagine a reason for the legislature to hold the Bar accountable to perform the duties of an arm of the state without also affording it the protections afforded to the state.

Plaintiffs also argue that the Bar's statutory designation as a "special government body" proves that it is separate from the state under the fifth factor. But this assertion is incorrect because other special government bodies are immune under the Eleventh Amendment.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

Like the Bar, Oregon's public universities are special government bodies.  *See*

ORS 174.117(1)(i); ORS 352.002.  And the Ninth Circuit has held that Oregon's public

universities are immune under the Eleventh Amendment.  *Rounds*, 166 F.3d at 1035 (holding

that "the University [of Oregon] is an arm of the State of Oregon for Eleventh Amendment

immunity purposes").  The Bar's designation as a special government body therefore supports

upholding its immunity under the Eleventh Amendment.

Plaintiffs have failed to show that the *Mitchell* factors, on balance, weigh against

immunity.  Accordingly, the court should dismiss plaintiffs' claims against the Bar based on

Eleventh Amendment immunity.

## III.    U.S. SUPREME COURT PRECEDENT CONFIRMS THAT PLAINTIFFS' COMPULSORY MEMBERSHIP CLAIM FAILS AS A MATTER OF LAW

### A.    *Lathrop* and *Keller* Both Squarely Address Compulsory Bar Membership.

Plaintiffs assert that "Supreme Court precedent does not foreclose Plaintiffs'

[compelled membership] claim" because the Court has purportedly assumed, but has "not

actually decide[d,] the constitutionality of mandatory bar membership."  ECF No. 20, at 15.  But

the Supreme Court squarely addressed the issue of compulsory bar membership in *Lathrop* and

*Keller*—both times holding that compulsory membership does not violate the Constitution.

Because this U.S. Supreme Court precedent "has direct application" here, it is binding on the

District of Oregon and Ninth Circuit.  *Agostini*, 521 U.S. at 237 (lower courts must apply

U.S. Supreme Court precedent unless it is overruled)*; see also Eugster v. Wash. State Bar Ass'n*,

684 F.App'x 618, 619 (9th Cir) *cert denied*, 137 S. Ct. 2315 (2017) (explaining that the Ninth

Circuit "cannot overrule binding authority because a decision of the Supreme Court will control

Page 7 -    Defendants' Reply in Support of Their Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

that corner of the law unless and until the Supreme Court itself overrules or modifies it")
(internal citation and quotation marks omitted).

In *Lathrop*, the U.S. Supreme Court addressed whether a Wisconsin attorney
could "be compelled to join and give support to [the State Bar of Wisconsin]."  367 U.S. at 827.
The case presented "a claim of impingement upon freedom of association."  367 U.S. at 842.
The four-judge plurality held that compelled bar membership does not violate the Constitution:

> "We think that the Supreme Court of Wisconsin, in order to further the State's
> legitimate interests in raising the quality of professional services, may
> constitutionally require that the costs of improving the profession in this fashion
> should be shared by the subjects and beneficiaries of the regulatory program, the
> lawyers, even though the organization created to attain the objective also engages
> in some legislative activity.  Given the character of the integrated bar shown on
> this record, in the light of the limitation of the membership requirement to the
> compulsory payment of reasonable annual dues, we are unable to find any
> impingement upon protected rights of association."  367 U.S. at 843.

The three concurring judges in *Lathrop* agreed that compelled bar membership
does not violate the Constitution.  367 U.S. at 849 (Harlan, J., with Frankfurter, J., concurring)
("a State may Constitutionally condition the right to practice law upon membership in an
integrated bar association"); 367 U.S. at 865 (Whittaker, J., concurring) ("State's requirement
that a lawyer pay to its designee an annual fee of $15 as a condition of its grant, or of continuing
its grant, to him of the special privilege (which is what it is) of practicing law in the State * * *
does not violate any provision of the United States Constitution* * *.").

In *Keller*, a unanimous U.S. Supreme Court reaffirmed that compulsory bar
membership does not violate the Constitution.  *See, e.g.*, 496 U.S. at 4, 14.  The Court addressed
whether California attorneys could be compelled to pay dues to the State Bar of California,
which used "membership dues to finance certain ideological or political activities to which they

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

were opposed." 496 U.S. at 4. In reaching its holding that integrated state bars may constitutionally fund activities germane to regulating and improving the quality of legal services, the Court affirmed that "lawyers * * * may be required to join and pay dues to the State Bar." *Id.*; *see also* 496 U.S. at 13 ("Here the compelled association and integrated bar are justified by the State's interest in regulating the legal profession and improving the quality of legal services.").

Further, the Ninth Circuit treats the issue of compulsory bar membership as settled law under *Lathrop* and *Keller*. *See O'Connor v. State of Nev.*, 27 F.3d 357, 361 (9th Cir. 1994), *cert denied*, 514 U.S. 1021 (1995) ("The Supreme Court has held that a state may constitutionally condition the right of its attorneys to practice law upon the payment of membership dues to an integrated bar.") (citing *Lathrop* and *Keller*); *Eugster*, 684 F.App'x at 619 ("The district court properly dismissed Eugster's claims relating to his compulsory membership in the WSBA because an attorney's mandatory membership with a state bar association is constitutional.") (citing *Lathrop* and *Keller*). Other federal appellate courts do, too. *See, e.g.*, *Romero v. Colegio de Abogados de Puerto Rico*, 204 F.3d 291, 296-97 (1st Cir. 2000) ("It is well settled that conditioning the practice of law on membership in a state bar association does not itself violate the First Amendment."); *Kingstad v. State Bar of Wis.*, 622 F.3d 708, 713 (7th Cir. 2010) ("'[m]andatory' or 'unified' bars, under which dues-paying membership is required as a condition to practice law in a state, are also permitted"); *Kaimowitz v. Fla. Bar*, 996 F.2d 1151, 1154 (11th Cir. 1993) ("The *Lathrop* decision controls Plaintiff's claim regarding compulsory bar membership, and the Defendants' motion is due to be granted on that claim as well.").

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

Accordingly, binding U.S. Supreme Court precedent—which, as it must be, has been consistently followed in the Ninth Circuit and other federal appellate courts—establishes that compulsory membership in the Bar does not violate the Constitution. There is no basis for this court to hold otherwise. *Agostini*, 521 U.S. at 237; *Eugster*, 684 F.App'x at 619. This court should therefore dismiss plaintiffs' third claim for relief as a matter of law.

**B.** **The U.S. Supreme Court Has Already Explained That Compulsory Bar Membership Survives Exacting Scrutiny.**

Plaintiffs next assert, by analogy to *Janus*, that compulsory bar membership is unconstitutional unless it survives exacting scrutiny. ECF No. 20, at 18. Plaintiffs argue that it cannot, contending that the state can adequately regulate and improve the quality of legal services in Oregon by merely "acting as a regulator, penalizing those who break the rules, and providing educational services." ECF No. 20, at 19-20.

But the U.S. Supreme Court has already reasoned that compulsory bar membership survives exacting scrutiny, in *Harris v. Quinn*, ___ U.S. ___, 134 S. Ct. 2618, 2643-44, 189 L. Ed. 2d 620 (2014). The *Harris* Court applied "exacting First Amendment scrutiny" to compulsory union fees for home health care workers, holding that the challenged fees did not survive exacting scrutiny because compulsory funding of the union did not "serve a compelling state interest that cannot be achieved through means significantly less restrictive of associational freedoms." 134 S. Ct. at 2639 (internal punctuation and citations omitted).

The *Harris* Court then addressed whether its holding would "call into question" its ruling in *Keller*. *Harris*, 134 S. Ct. at 2643. As explained above, the *Keller* Court affirmed that compulsory bar membership was "justified by the State's interest in regulating the legal profession and improving the quality of legal services" and held that an integrated state bar may

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

constitutionally fund activities germane to those purposes. 496 U.S. at 13-14. The *Harris* Court explained that its decision in *Keller* "fits comfortably within the framework applied in the present case"—exacting scrutiny. *Harris*, 134 S. Ct. at 2643.

Plaintiffs, however, contend that when the *Harris* Court affirmed that *Keller* "fits comfortably within the framework" of exacting scrutiny, it was referring only to whether a state bar could charge its members for "the expense of ensuring that attorneys adhere to ethical practice." ECF No. 20, at 18. But the *Harris* Court was actually affirming that the "State's interest in regulating the legal profession and improving the quality of legal services" justified the speech activities of the integrated bar. 134 S. Ct. at 2644 (internal quotation marks and citation omitted). The *Harris* Court went on to explain that "States *also* have a strong interest in allocating to the members of the bar, rather than the general public, the expense of ensuring that attorneys adhere to ethical practices." *Id.* (emphasis added). And it was the former interest—regulating and improving legal services—on which the *Keller* Court justified compulsory bar membership and the use of members' dues to fund germane speech activities. 496 U.S. at 13-14.

Plaintiffs' arguments fail to establish that compulsory membership in the Bar is unconstitutional. Binding U.S. Supreme Court precedent holds that compulsory bar membership does not violate members' First Amendment rights. *Lathrop*, 367 U.S. at 843; *Keller*, 496 U.S. at 13-14; *Harris*, 134 S. Ct. at 2643-44. This court should dismiss plaintiffs' third claim for relief as a matter of law. *See Agostini*, 521 U.S. at 237; *Eugster*, 684 F.App'x at 619.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

## IV. U.S. SUPREME COURT PRECEDENT CONFIRMS THAT PLAINTIFFS' AFFIRMATIVE-CONSENT CLAIM FAILS AS A MATTER OF LAW

### A. *Janus* Does Not Establish That an Integrated State Bar Must Have Members' Affirmative Consent to Engage in Germane Political Speech.

Plaintiffs assert that *Janus* establishes that integrated state bars "must * * * obtain members' affirmative consent before using their [dues] for political and ideological speech." ECF No. 20, at 21. According to plaintiffs, the *Janus* decision applies to integrated state bars because "mandatory bar fees [purportedly] entail the same infringement of First Amendment rights as the union fees at issue in *Janus*." *Id.*

But plaintiffs' attempt to extend the *Janus* decision to integrated state bars contradicts the U.S. Supreme Court's holding in *Keller*, which is binding precedent on the constitutionality of integrated state bars' use of members' mandatory dues. As plaintiffs concede, *Keller* held that integrated state bars do not violate the Constitution by using members' mandatory dues to fund activities germane to "regulating the legal profession and improving the quality of legal services." 496 U.S. at 13-14; *see also* ECF No. 20, at 26. The U.S. Supreme Court therefore has already ruled that integrated state bars may engage in germane speech— including germane political speech—without receiving members' affirmative consent.[2] And it is indisputable that *Keller* has not been overruled; the *Janus* Court overruled only *Abood v. Detroit Bd. of Educ.*, 431 U.S. 209, 97 S. Ct. 1782, 52 L. Ed. 2d 261 (1977). *See Janus*, 138 S. Ct. at 2486. *Keller* is therefore binding precedent on this court. *See Agostini*, 521 U.S. at 237; *Eugster*, 684 F.App'x at 619.

---

[2] As discussed below, the *Keller* Court explained that integrated bars satisfy their obligation to ensure that members are not forced to fund non-germane speech by instituting safeguards that include allowing members to challenge the use of their dues. 496 U.S. at 16-17; *see also Morrow v. State Bar of Cal.*, 188 F.3d 1174, 1175 (9th Cir. 1999). The *Keller* Court did not, however, require that members affirmatively consent to their bar's speech activities.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

This court should dismiss plaintiffs' second claim for relief as a matter of law.

**B.** **Plaintiffs Fail to Establish That the Bar's April 2018 Statement Is Not Germane to Promoting Access to Justice and Improving the Quality of Legal Services.**

Plaintiffs implicitly concede that the Bar's April 2018 Statement addressed issues germane to improving the quality of legal services, including safeguarding the rule of law and ensuring its fair and equitable administration. ECF No. 20, at 22. Plaintiffs, however, assert that the statement also discussed issues not germane to any purpose that justifies compulsory membership. *Id.* Specifically, they contend that the statement impermissibly objected to speech that incites violence, which they argue "is a highly controversial legal and political issue." *Id.*

But plaintiffs' assertion does not plausibly establish a constitutional violation. Even accepting this conclusory assertion for the sake of argument, the Bar is not prohibited from making statements on controversial legal and political issues. Under *Keller*, the Bar may speak on any topic germane to regulating and improving the quality of legal services available to the people of the state—including controversial legal and political issues. 496 U.S. at 13-14. And in *Gardner v. State Bar of Nev.*, 284 F.3d 1040, 1043 (9th Cir. 2002), the Ninth Circuit explained that speech informing the public's "understanding of the law, the system of justice, and the role of lawyers * * * to make the law work for everyone" is germane to these purposes. (Internal quotation marks and citation omitted.)

As explained in defendants' motion to dismiss, the Bar's April 2018 Statement condemned violence and speech that incites violence because it threatens "access to justice, the rule of law, and a healthy and functional judicial system that equitably serves everyone." ECF No. 15, at 11, 27. Plaintiffs, on the other hand, fail to explain why opposing speech that incites violence is not germane to improving the public's understanding of the law, safeguarding the rule

Page 13 -   Defendants' Reply in Support of Their Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

of law, and improving legal services to all people of the state, no matter their color or creed.  To quote the Bar's April 2018 Statement:  "We simply cannot lay claim to a healthy justice system if whole segments of our society are fearful of the very laws and institutions that exist to protect them."

As a matter of law, the Bar's April 2018 Statement was germane to purposes that have been recognized by the Supreme Court and Ninth Circuit as justifying compulsory bar membership, and plaintiffs fail to establish otherwise.

**C.**     **Plaintiffs Fail to Establish That the Bar Violated the Constitution by Publishing the Specialty Bar Statement.**

Plaintiffs also take issue with the Specialty Bar Statement.  ECF No. 20, at 23.  Plaintiffs concede that the Bar did not write this statement, but contend that it was nevertheless impermissible for the Bar "to publish it using the dues of members who did not want to fund its publication."  *Id.*

Here again, plaintiffs fail to plausibly state a constitutional violation.  First, plaintiffs do not argue that publishing the *Bulletin* in general is not a germane use of bar dues or that the *Bulletin*'s editorial policies are unconstitutional.  *See, e.g.*, *Christian Legal Soc'y Chapter of Univ. of Cal., Hastings Coll. of Law v. Martinez*, 561 U.S. 661, 130 S. Ct. 2971, 177 L. Ed. 2d 838 (2010) (viewpoint-neutral policy that was reasonable in light of the purpose served by the limited public forum did not violate student organization's freedom-of-association rights).  And these arguments are not plausible, in any event.  Section 1.2 of the Bylaws provides that the Bar fulfills its mission through the following functions:

"(A)  We are a regulatory body, protecting the public by ensuring the competence and integrity of lawyers.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

"(B)  We are a partner with the judicial system, supporting and protecting the quality and integrity of the judicial system.

"(C)  We are a professional organization, promoting the professional excellence of bar members.

"(D)  We are advocates for diversity, equity and inclusion within the legal community and the provision of legal services.

"(E)  We are champions for access to justice, fostering the public's understanding of and access to legal information, legal services, and the justice system."

Thus, there is no reasonable argument that it is not germane for the Bar to create a forum for the exchange of ideas pertaining to the practice of law and current issues that bear on the practice of law. *See, e.g.*, *Gardner*, 284 F.3d at 1043; *see also Bd. of Regents of Univ. of Wis. Sys. v. Southworth*, 529 U.S. 217, 233, 120 S. Ct. 1346, 146 L. Ed. 2d 193 (2000) ("The University may determine that its mission is well served if students have the means to engage in dynamic discussions of philosophical, religious, scientific, social, and political subjects in their extracurricular campus life outside the lecture hall.  If the University reaches this conclusion, it is entitled to impose a mandatory fee to sustain an open dialogue to these ends.").

Second, plaintiffs cannot fairly hold the Bar liable for the content of every statement published in the *Bulletin*.  The Bar does not adopt every statement printed in the *Bulletin* as its own simply because members' dues are used to publish the *Bulletin*.  *See, e.g.*, *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 841, 115 S. Ct. 2510, 132 L. Ed. 2d 700 (1995) (rejecting the university's argument that funding a student newspaper would foster a "mistaken impression that the student newspaper[] speak[s] for the University").  Because the *Bulletin* publishes statements by many authors, including Bar members and member groups, "it is all but inevitable" that members' dues will subsidize speech that some members "find

Page 15 -  Defendants' Reply in Support of Their Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

objectionable or offensive." *See Southworth*, 529 U.S. at 218. And on its face, the Specialty Bar

Statement is not a statement by the Bar or any defendant—it is a statement of seven affinity bars

announcing *their* support for the Bar's April 2018 Statement and commitment to "a justice

system that operates without discrimination and is fully accessible to all Oregonians."[3]

Plaintiffs have failed to establish that their complaints about the Specialty Bar

Statement give rise to a plausible claim for relief against the Bar. But as defendants explained in

their motion to dismiss, the court need not address plaintiffs' concerns with the Specialty Bar

Statement because (1) the Bar does not need members' affirmative consent to publish the *Bulletin*

and (2) through its Bylaws and procedures, the Bar provides adequate First Amendment

safeguards to its members.

### D. Plaintiffs Fail to Establish That They Have Plausibly Alleged a Claim Based on the Bar's General Legislative and Policy Advocacy.

Finally, plaintiffs assert that they have plausibly alleged a claim for relief based

on the Bar's general "legislative and policy advocacy." ECF No. 20, at 23. Plaintiffs argue that

they have stated a claim by alleging that the Bylaws "do not distinguish between germane and

non-germane activities or establish any procedures to ensure that OSB's expenditures are

germane." *Id.*; Compl. ¶¶ 37-38. But plaintiffs' allegations are conclusory, and therefore not

entitled to an inference of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681, 129 S. Ct. 1937,

173 L. Ed. 2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55, 127 S. Ct.

1955, 167 L. Ed. 2d 929 (2007)). Further, plaintiffs' allegations are disproved by the Bylaws

---

[3] Relatedly, although outside the scope of defendants' motion, plaintiffs cannot deny that the Bar published letters from members who disagreed with this statement in the May 2018 edition of the *Bulletin*.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

themselves, of which plaintiffs concede the court may take judicial notice.  ECF No. 20, at 28-29.

As a matter of law, the Bylaws distinguish between germane and non-germane speech activities, and allow the Bar to speak only on germane topics.  Section 11.1 of the Bylaws provides that "[c]ommunications of the Bar * * *, including printed material and electronic communications, should be *germane* to the law, lawyers, the practice of law, the courts and the judicial system, legal education and the Bar in its role as a mandatory membership organization." (Emphasis added.)  Section 12.1 of the Bylaws requires that all of the Bar's "legislative or policy activities must be reasonably related to" one of nine topics—all of which are germane to purposes that justify compulsory membership in the Bar.  *See* ECF No. 15, at 22-23.

Plaintiffs do not dispute, or even address, Sections 11.1 and 12.1 of the Bylaws, and those unchallenged provisions rob plaintiffs' position of all plausibility.  Plaintiffs have failed to state a plausible claim for relief based on the Bar's general "legislative and policy advocacy."

Plaintiffs' second claim should be dismissed in its entirety as a matter of law.

## V.    PLAINTIFFS FAIL TO ESTABLISH THAT THE BAR DOES NOT PROVIDE ADEQUATE FIRST AMENDMENT SAFEGUARDS TO ITS MEMBERS

Plaintiffs assert that the Bar's First Amendment safeguards do not offer members the minimum procedures required under *Keller*.  ECF No. 20, at 26-27.  Plaintiffs concede that the Bar "can meet its constitutional obligation to ensure that members are not forced to pay for * * * non-germane activities by providing:  (1) an adequate explanation of the * * * fee; (2) a reasonably prompt opportunity to challenge the amount of the fee * * *; and (3) an escrow for the amount reasonably in dispute."  ECF No. 20, at 26 (internal quotation marks and citation

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

omitted).  They also concede that "alternative procedures would likewise satisfy a bar association's constitutional obligation * * * [although] the [U.S. Supreme] Court has not [yet] identified a satisfactory alternative to [these procedures]."  ECF No. 20, at 27 (internal quotation marks and citation omitted).  Yet plaintiffs argue that the Bar's First Amendment safeguards are inadequate because they purportedly fall short of *Keller*'s requirements in two respects.  ECF No. 20, at 26-29.

First, plaintiffs assert that the Bar's First Amendment safeguards are inadequate because the Bar does not "publish[] * * * information about whether or how it determines whether a given allocation of funds was for purposes germane to improving the quality of legal services and regulating attorneys * * * [and] therefore provides it members with no way to know how [it] determines what portion of its expenses are chargeable to members as part of their mandatory dues."  ECF No. 20, at 27.  Contrary to plaintiffs' assertion, as explained above, the Bylaws expressly limit the Bar to speech on germane topics.  Bylaws §§ 11.1, 12.1.  Plaintiffs' contention that the Bar must provide advance notice of what portion of members' dues are used for germane speech makes no sense given that the Bylaws do not allow the Bar to intentionally engage in any non-germane speech.  Moreover, the Bar provides information to all members about its projected and actual expenses by publishing its major categories of expenses.  *See, e.g.*, Compl. ¶¶ 32-33; *see also* ORS 9.100 (requiring "a statement explaining the financial condition of the Oregon State Bar" be submitted annually to the Chief Justice of the Oregon Supreme Court); Bylaws § 7.2 (the Board of Governors reviews and approves the Bar's proposed annual budget during public meetings).  According to the U.S. Supreme Court, this is adequate.  *Chicago Teachers Union, Local No. 1 v. Hudson*, 475 U.S. 292, 307 n.18, 106 S. Ct. 1066, 89 L.

Page 18 -   Defendants' Reply in Support of Their Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

Ed. 2d 232 (1986) ("The Union need not provide nonmembers with an exhaustive and detailed list of all its expenditures, but adequate disclosure surely would include the major categories of expenses, as well as verification by an independent auditor.").  In addition, plaintiffs do not dispute that they could have challenged the amount of their refund before an impartial decision-maker, but chose not to.  ECF No. 15, at 24.

Second, plaintiffs assert that the Bar's First Amendment safeguards are inadequate because the Bar does not put members' dues in escrow "while a member's challenge to the expenditure is pending."  ECF No. 20, at 27.  Plaintiffs argue that placing the disputed dues "in an interest-bearing escrow account is necessary to ensure that a member's dues are not temporarily used for impermissible purposes."  ECF No. 20, at 28.  But plaintiffs do not dispute, and indeed affirmatively plead, that the Bar paid statutory interest on the disputed member dues. Compl. ¶ 51.

Contrary to plaintiffs' arguments, the Bar's First Amendment safeguards do not simply "offer[] members the opportunity to seek a refund after [the Bar] misuses their dues." ECF No. 20, at 28.  Instead, the Bar's First Amendment safeguards include (1) publishing the Bar's projected and actual major categories of expenses, (2) Bylaws that limit the Bar's speech to germane topics, (3) Bylaws that establish procedures for a member to object if the member believes that the Bar has nevertheless funded speech not related to a permissible topic, (4) Bylaws that require refunding members' proportional dues, with interest, if a member prevails in showing that the Bar funded non-germane speech, and (5) Bylaws that allow members to present their case to a neutral decision-maker.  Bylaws §§ 11.1, 12.1, 12.6.  Plaintiffs do not dispute that these safeguards allow members to promptly challenge whether the Bar's speech was

Page 19 -    Defendants' Reply in Support of Their Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

germane.  Nor do plaintiffs dispute that these safeguards allow members to challenge the amount of dues that the Bar refunds.  *See* ECF No. 15, at 24.  Plaintiffs also do not allege that these safeguards were unavailable to them.  *See* Compl. ¶¶ 49-52.

As a matter of law, the Bar's Bylaws and procedures offer adequate First Amendment safeguards to its members, consistent with *Keller*'s requirements and Ninth Circuit case law.  *See, e.g.*, *Morrow*, 188 F.3d at 1175.  Plaintiffs have failed to state a plausible claim for relief.  The court should dismiss plaintiffs' first claim for relief as a matter of law.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 20 -    Defendants' Reply in Support of Their Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

## VI.   CONCLUSION

For the reasons explained above, plaintiffs' response confirms that they have not asserted, and cannot assert, viable claims for relief against defendants.  Defendants respectfully request that the court dismiss plaintiffs' lawsuit in its entirety, without leave to replead.

DATED this 13th day of February, 2019.

**MILLER NASH GRAHAM & DUNN LLP**

s/Taylor Richman

Elisa J. Dozono, OSB No. 063150
elisa.dozono@millernash.com
Taylor D. Richman, OSB No. 154086
taylor.richman@millernash.com
Telephone:  503.224.5858
Facsimile:  503.224.0155

**TONKON TORP LLP**

Steven M. Wilker, OSB No. 911882
steven.wilker@tonkon.com
Megan Houlihan, OSB No. 161273
meg.houlihan@tonkon.com
888 S.W. Fifth Avenue, Suite 1600
Portland, Oregon  97204
Telephone:  503.802.2040; 503.802.2184
Facsimile:  503.274.8779

**SCHWABE, WILLIAMSON & WYATT, P.C.**

Michael Gillette, OSB No. 660458
wmgillette@schwabe.com
1211 S.W. Fifth Avenue, Suite 1900
Portland, Oregon  97204
Telephone:  503.796.2927
Facsimile:  503.796.2900

*Attorneys for Defendants*

4845-7904-3720.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

Page 1 -     Defendants' Reply in Support of Their Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204