Luke D. Miller, OSB No. 175051
Military Disability Lawyer, LLC
1567 Edgewater St. NW
PMB 43
Salem, OR 97304
Telephone: (800) 392-5682
Fax: (503) 779-1091
luke@militarydisabilitylawyer.com

Jacob Huebert (*pro hac vice*)
Aditya Dynar (*pro hac vice*)
Goldwater Institute
Scharf-Norton Center for Constitutional Litigation
500 E. Coronado Rd.
Phoenix, AZ 85004
Telephone: (602) 462-5000
Fax: (602) 256-7045
litigation@goldwaterinstitute.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DANIEL Z. CROWE, et al., | Case No. 3:18-cv-02139-JR |
| Plaintiffs, | PLAINTIFFS' RESPONSE TO MEMORANDUM OF AMICUS CURIAE OREGON ATTORNEY GENERAL ELLEN ROSENBLUM |
| v. | |
| OREGON STATE BAR, et al., | |
| Defendants. | |

In their third claim for relief, Plaintiffs allege that requiring attorneys to join the Oregon State Bar as a condition of practicing law in Oregon violates their right to freedom of association. Dkt. 1, Compl. ¶¶ 80-89. Plaintiffs allege that mandatory bar membership cannot survive First Amendment scrutiny because the state can achieve its legitimate interests—i.e., improving the quality of legal services and regulating the practice of law—by means significantly less restrictive of First Amendment rights: specifically, by simply regulating attorneys without requiring them to join a bar association. Nineteen other states already do just this. *Id.* ¶¶ 85-88; Dkt. 20, Resp. to Mot. to Dismiss ("Resp. to MTD") at 11-12.

In response to this claim, the Memorandum of Amicus Curiae Oregon Attorney General Ellen Rosenblum (Dkt. 22) makes three arguments that Defendants did not make in their Motion to Dismiss: (1) that "the regulation of lawyers is a responsibility assigned to the judicial branch by the Oregon Constitution, making the model used for other licensing agencies a poor fit"; (2) that "the free speech clause of the First Amendment does not restrict what state licensing agencies may say"; and (3) that "Oregon's regulation of lawyers appropriately takes into account the special role lawyers play in the administration of justice and as officers of the court." Amicus Mem. at 10.

None of the Attorney General's arguments bears on the merits of Plaintiffs' claim, and therefore none of the arguments supports dismissal.

**I.       The judicial branch can regulate lawyers without mandating bar membership.**

In support of their First Amendment challenge to Oregon's mandatory bar membership, Plaintiffs have argued that "the state can achieve its goals for the legal profession without mandating bar membership or dues … by acting as a regulator, penalizing those who break the

1

rules, and providing educational services to ensure that practitioners know the rules—just as it already does for countless other trades." Resp. to MTD 11-12.

The Attorney General calls this "an oversimplification." Amicus Mem. 13. According to the Attorney General, "there is significant question as to whether it would be appropriate or permissible to adopt a governance structure for lawyers that simply mirrors that applicable to [other] professionals" because, she says, a new scheme for regulating lawyers "would need to account for the specialized nature of the judicial branch as regulator." *Id.*

This argument misses Plaintiffs' point, which is that the state manages to regulate all other professions and trades without forcing members of those trades to join or pay dues to associations, and there is no reason to believe the state couldn't likewise regulate lawyers without making them join and pay the Oregon State Bar—even though it must regulate lawyers through the judicial branch rather than the executive or legislative branch. After all, paralegals are regulated by the Oregon bar also—they are subject to Oregon Rule of Professional Conduct 5.3—but they are not required to be members of any trade association. Nevertheless, the state regulates their practice, and they can be penalized for illegal or improper conduct.

Contrary to the Attorney General's suggestion, regulating lawyers without compelling them to join an association does not present any special separation-of-powers problems. The Oregon Supreme Court could simply regulate attorneys directly or through an agency under its jurisdiction, as high courts in the 19 states without a mandatory membership do. There is no reason to expect that the executive and legislative branches would become involved in regulating attorneys at all, except to the extent that authorizing legislation may be necessary to establish a new regulatory scheme administered by the judicial branch, just as legislation apparently was necessary to establish the Oregon State Bar. *See* ORS 9.160 *et seq*.

Ohio provides an example of how a state may regulate attorneys through its judicial branch. Instead of establishing a mandatory bar association, the Ohio Supreme Court has created:

- an Office of Bar Admissions to handle applications to take the bar examination and to be admitted to the bar on motion, *see* Ohio Gov. Bar. R. I §§ 2, 3, 9;[1]
- a Board of Bar Examiners to administer the bar examination, *id.* § 4;
- a Board of Commissioners on Character and Fitness to investigate bar applicants, *id.* § 10;
- a Board of Professional Conduct appointed by the justices to hear grievances against, and proceedings for the discipline of, judicial officers and attorneys, Ohio Gov. Bar R. V §§ 1, 2;
- an Office of Disciplinary Counsel to investigate and prosecute complaints against attorneys and judges, *id.* § 4;
- procedures for local voluntary bar associations to hear grievances, for which the court may reimburse them, *id.* § 5;
- an Office of Attorney Services to handle attorney registration, Ohio Gov. Bar. R. VI §§ 2-3;
- a Commission on Continuing Legal Education to accredit CLE programs, Ohio Gov. Bar. R. X §§ 1, 15.

The Ohio Supreme Court requires attorneys to pay for these regulatory activities through an annual registration fee paid to the court rather than through a membership fee paid to a bar association. *See* Ohio Gov. Bar. R. VI § 14.

---

[1] The Ohio Rules for the Government of the Bar cited here are all available at http://www.supremecourt.ohio.gov/LegalResources/Rules/govbar/govbar.pdf.

Alternatively, a state supreme court might outsource some of its regulatory functions to a bar association that is restricted to using mandatory fees for *regulatory* activities, not for any political or ideological speech. The Nebraska Supreme Court has done this by prohibiting its bar association from using mandatory fees for any purposes other than handling attorney admissions, maintaining membership records, enforcing ethical rules, regulating continuing legal education, maintaining records of trust fund requirements, and pursuing those who commit the unauthorized practice of law. *See In re Petition for a Rule Change to Create a Voluntary State Bar of Neb.*, 841 N.W.2d 167, 178-79 (Neb. 2013).

Ohio and Nebraska are just two of nineteen states—more than a third of the country—that regulate attorneys without forcing them to join and pay a bar association that engages in political and ideological speech. The Attorney General has presented no reason to believe that Oregon could not do the same—indeed, she essentially admits that Oregon *could* do the same. *See* Amicus Mem. at 3 ("[T]he Attorney General does not dispute that some alternative regulatory arrangement could be designed."); *id.* at 13–14 ("[T]he Attorney General does not contend that the Oregon Constitution would preclude a hypothetical alternative licensing scheme *of some kind* for lawyers … . [P]laintiffs' First Amendment 'compelled subsidy' concerns would be eliminated if the State chose to regulate through a more traditional licensing agency.").

**II.     Bar association speech is not government speech.**

The Attorney General's second point—that the First Amendment does not regulate government speech, including the speech of licensing agencies—is irrelevant. Amicus Mem. 13-15. In *Keller v. State Bar of California*, 496 U.S. 1, 11-12 (1990), the Supreme Court found that a mandatory bar association is not a "typical government … agency" and is more analogous to a public-sector union. The Court therefore concluded that the First Amendment *does* restrict a bar

4

association's use of mandatory fees in the same way that it restricts a public-sector union's use of compulsory fees. *Id.* at 12-14.

There is no basis for the Attorney General's suggestion that, if "a court is looking to revisit *Keller*, or determines it is not appropriate to apply in this context, it may also be appropriate to revisit[] [*Keller*'s] holding regarding the nature of the State Bar … in light of the evolving government speech doctrine." Amicus Mem. 14 n.8. The Attorney General has cited no cases suggesting the Supreme Court's doctrine is "evolving" in a way that might cause the Court to reject *Keller*'s conclusion that bar association speech is not government speech. To the contrary, in one of the more recent cases the Attorney General cites (Amicus Mem. 13), the Court reiterated that *Keller* was one of several cases that restricted compelled subsidies for "*private* speech"—i.e., for speech that "was, or was presumed to be, that of an entity other than the government itself." *Johanns v. Livestock Marketing Ass'n*, 544 U.S. 550, 558–59 (2005) (emphasis added).

The Court in *Johanns* contrasted the subsidized private speech in *Keller* and similar cases with government speech, which citizens "have no First Amendment right not to fund." *Id.* at 562. That is why, as the Attorney General acknowledges, the Plaintiffs' "First Amendment 'compelled subsidy' concerns would be eliminated if the State chose to regulate through a more traditional licensing agency" instead of forcing attorneys to subsidize the Oregon State Bar. Amicus Mem. 14.

### III. Lawyers' special role does not justify forcing lawyers to join a bar association.

Finally, lawyers' special role and responsibilities as "officers of the court" do not undermine the Plaintiffs' constitutional claim. *See* Amicus Mem. 15. Plaintiffs do not question that lawyers play a special role in the administration of justice and that the state has a compelling

interest in regulating attorneys. But under exacting scrutiny—which is the standard applicable here, *see Janus v. AFSCME*, 138 S. Ct. 2448, 2477 (2018)—it is not enough that the state's infringement on First Amendment rights serves a compelling state interest; in addition, the government must *also* show that it could not serve that compelling interest "through means significantly less restrictive of associational freedoms," *id.* at 2465. And it is the government's burden—not the plaintiffs'. *Id.* at 2472. Defendants have not made and cannot make that showing—and neither has the Attorney General—because Oregon could regulate lawyers without forcing them to join and subsidize a bar association. *See* Resp. to MTD 11-12. Oregon's membership requirement therefore cannot survive exacting First Amendment scrutiny.

Dated: March 1, 2019

Respectfully submitted,

/s/ *Luke D. Miller*
Luke D. Miller, OSB No. 175051
Military Disability Lawyer, LLC
1567 Edgewater St. NW
PMB 43
Salem, OR 97304
Telephone: (800) 392-5682
Fax: (503) 779-1091
luke@militarydisabilitylawyer.com

/s/ *Jacob Huebert*
Jacob Huebert (*pro hac vice*)
Aditya Dynar (*pro hac vice*)
Goldwater Institute
Scharf-Norton Center for Constitutional Litigation
500 E. Coronado Rd.
Phoenix, AZ 85004
Telephone: (602) 462-5000
Fax: (602) 256-7045
litigation@goldwaterinstitute.org

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

Document Electronically Filed and Served by ECF this 1st day of March 2019 to:

Sarah Weston
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL,
ELLEN F. ROSENBLUM
Department of Justice
100 SW Market Street
Portland, OR 97201
Sarah.weston@doj.state.org.us
*Attorneys for Amicus Curiae*

Steven M. Wilker
Megan Houlihan
TONKON TORP LLP
888 SW Fifth Avenue, 16th Fl.
Portland, OR 97204
Steven.wilker@tonkon.com
Meg.houlihan@tonklon.com
*Attorneys for Defendants*

W. Michael Gillette
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Ste. 1900
Portland, OR 97204
wmgillette@schwabe.com
*Attorneys for Defendants*

/s/ *Jacob Huebert*
Jacob Huebert
**Scharf-Norton Center for Constitutional Litigation
at the GOLDWATER INSTITUTE**