IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DIANE L. GRUBER,** *et al.*, | Case No. 3:18-cv-1591-JR |
| Plaintiffs, | |
| v. | |
| **OREGON STATE BAR,** *et al.*, | |
| Defendants. | |
| **DANIEL Z. CROWE,** *et al.*, | Case No. 3:18-cv-2139-JR |
| Plaintiffs, | |
| v. | |
| **OREGON STATE BAR,** *et al.*, | |
| Defendants. | |

**ORDER**

**Michael H. Simon, District Judge.**

On April 1, 2019, United States Magistrate Judge Jolie A. Russo issued a single Findings and Recommendation in these two related cases. Judge Russo recommended that the Court grant Defendants' motions to dismiss in each case.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Neither party objected in Case No. 3:18-cv-01591-JR. In Case No. 3:18-cv-02139-JR, however, Plaintiffs timely filed an objection. In that objection, Plaintiffs argue that the Oregon State Bar is not entitled to Eleventh Amendment immunity and that Plaintiffs have stated cognizable claims for violations of their rights under the First and Fourteenth Amendments. The Court has reviewed *de novo* those portions of Judge Russo's Findings and Recommendation to which Plaintiffs have objected, as well as Defendants' response. The Court agrees with Judge Russo that under the factors set forth in *Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198

(9th Cir. 1998), the Oregon State Bar is immune from suit under the Eleventh Amendment. The Court also agrees with Judge Russo that Plaintiffs have failed to raise any plausible constitutional violations. The Court therefore ADOPTS those portions of the Findings and Recommendation. Further, for those portions of Judge Russo's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court adopts Judge Russo's Findings and Recommendation in Case No. 3:18-cv-1591-JR (ECF 44) and Case No. 3:18-cv-2139-JR (ECF 29) and grants Defendants' motions to dismiss in each case. The Court denies Plaintiffs' motion for partial summary judgment (ECF 18) in Case No. 3:18-cv- 1591-JR.

**IT IS SO ORDERED.**

DATED this 24th day of May, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge